EDWIN A. LOMBARD, Judge.
11 On application for supervisory writ, State Farm Mutual Automobile Insurance Company seeks review of the trial court’s judgment denying its motion for summary judgment. For the reasons that follow, the writ application is granted, the trial court judgment is reversed, and summary judgment is granted in favor of State Farm.

Relevant Facts and Procedural History

On December 9, 2006, Troy G. Brous-sard and his wife, Ann Baehr, involved in an automobile accident. Mr. Broussard was driving his wife’s red Saturn Ion at the time of the accident and his wife was riding as a passenger in the vehicle. Ms. Baehr sustained injuries in the accident and, accordingly, filed a lawsuit against the relator, State Farm Automobile Insurance Company. On October 17, 2008, Ms. Baehr dismissed her claims against State Farm under policy number 746-855-18A, the insurance policy written for her own car (the red Saturn Ion),[1] but reserved the right to pursue a claim against State Farm through policy number 5350-803-18K, the policy issued on her husband’s silver Saturn Ion.
IgState Farm filed a motion for summary judgment on November 17, 2008, seeking dismissal of the lawsuit because the policy issued on her husband’s vehicle did not provide liability coverage under the circumstances of this case. The plaintiff filed an opposition to the motion and a hearing on the motion was held on January 9, 2009. After considering the memoranda filed by the parties and the oral arguments, the trial court issued a judgment on January 28, 2009, denying the State Farm’s motion for summary judgment. The trial judge did not issue written reasons for her judgment. This court initially denied State Farm’s application for supervisory writ, affirming the judgment of the trial court but on September 25, 2009, the Louisiana Supreme Court granted writ and remanded the matter to this court for briefing, argument and full opinion. Accordingly, after review of the record in light of the applicable law, appropriate standard of review, and arguments of the parties, we grant State Farm’s application for supervisory writ, reverse the judgment of the trial court, and grant summary judgment in favor of State Farm.

Standard of Review

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Independent Fire Insurance Company v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226. Summary judgment shall be rendered if the pleadings, depositions, answer to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. Pro. art. 966(B).
The burden of proof remains with the mover. Board of Assessors of the City of New Orleans v. City of New Orleans, 2002-0691, p. 8 (La.App. 4 Cir. 9/25/023), 829 So.2d 501, 506. However, if the mover *198 will not bear the burden of proof at trial, the mover is not required to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. La. Code Civ. Pro. art. 966(C)(2).
A fact is material if it is essential to plaintiff’s cause of action under the applicable theory of recovery and if without the establishment of the fact by a preponderance of the evidence, plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992).
Discussion
The relator asserts that Mr. Brous-sard was not covered under policy number 5350-803-18K (the policy covering his own car, a silver Saturn Ion) while driving his wife’s car because his wife’s car (the red Saturn Ion) did not qualify as an insured vehicle under the terms of policy number 5350-803-18K. Specifically, the relator points out that the red Saturn was not described on policy number 5350-803-18K’s declarations page, the red Saturn is not a newly acquired vehicle, a temporary substitute car, or a non-owned vehicle.
An insurance policy is a conventional obligation that constitutes the law between the insured and insurer. Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024. Courts interpret insurance policies the same way they interpret other [¿contracts, by using general rules of contract interpretation as set forth in the Louisiana Civil Code. Id. The extent of coverage is determined from the intent of the parties as reflected by the words of the insurance policy and role of the judiciary in interpreting insurance contracts is to ascertain the common intent of the insured and insurer as reflected by the words in the policy. Ledbetter v. Concord Gen. Corp., 95-0809 (La.1/6/96), 665 So.2d 1166. Although the purpose of liability insurance is to afford the insured protection from damage claims and, therefore, insui'ance contracts should be interpreted to effect, not deny, coverage, Yount v. Maisano, 627 So.2d 148 (La.1993), when the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. Civ.Code art. 2046.
In this case, Mr. Broussard is the named insured on policy number 5350-803-18K, a policy written on his silver Saturn Ion with vehicle identification number 1G8AN12F73Z199278. The relevant definitions of the insurance policy provide in pertinent part:
Newly Acquired Car-means a replacement car or an additional car.
Replacement Car-means a car newly owned by or newly leased to you or your spouse that replaces your car....
Additional Car-means an added car newly owned by or newly leased to you or your spouse....
Non-Owned Car-means a car not owned by, registered to or leased to: (1) you, your spouse;....
Non-Owned Car does not include a car which has been operated or rented by or in the possession of an insured during any part of each of the last 21 or more consecutive days....
*199 Temporary Substitute Car-means a car not owned by or leased to you or your spouse, if it replaces your car for a short time.... Its use has |fito be with the express or implied permission of the owner. Your car has to be out of use due to its breakdown, repair, damage or loss.
[[Image here]]
Louisiana Policy Form 9818.4, p. 2-3.
The liability coverage portion of the policy provides in pertinent part:
Coverage for the Use of Other Cars
The liability coverage extends to the use, by an insured, of a newly acquired car, a temporary substitute car or a non-owned car.
Who Is an Insured
When we refer to your car, a newly acquired car, or a substitute car, insured means: you;
your spouse;
the relatives of the first person named in the declarations;
any other person while using such a car if its use is with the express or implied permission of you or your spouse; and any other person or organization liable for the use of such a car by one of above insureds.
Louisiana Policy Form 9818.4, p. 7.
Thus, upon review of the policy at issue, it is apparent that the coverage under the policy at issue did not extend to Mr. Broussard while he was driving his wife’s car. First, his wife’s car, the red Saturn Ion involved in the accident, did not meet the policy definition of a newly acquired car. In order to be classified as a newly acquired car, the vehicle has to be either a replacement car or an additional car. A replacement car is one that is newly owned and would have replaced Troy’s car. Ann’s red Ion was neither. Deposition testimony submitted in support of the motion establishes that the red and silver Ions were purchased at the same time in November 2003. Because the accident that is the subject of the writ application occurred in December 2006 and, accordingly, neither vehicle can be characterized |fias newly owned. Likewise, because the vehicles were purchased at the same time, it cannot be argued that the plaintiffs car qualifies as a replacement vehicle under the terms of the insurance policy at issue.
Moreover, the red Saturn Ion does not qualify as a non-owned car under the policy at issue is because a non-owned car is one . that is not owned or registered to either Mr. Broussard or his spouse. In this case, deposition testimony indicates that the red Saturn Ion was owned by the plaintiff, Mr. Broussard’s wife and, accordingly, the red Saturn Ion cannot be classified as a non-owned car.
Finally, the red Saturn Ion also does not qualify as a temporary substitute car under the policy at issue. The policy defines a temporary substitute car as one that would not have been owned or leased to Mr. Broussard or spouse. Its use had to be with the express or implied permission of the owner, and Mr. Broussard’s car had to be out of use due to its breakdown, repair, damage or loss. Since the red Saturn Ion was owned by Mr. Broussard’s spouse, it cannot be classified as a temporary substitute car. There is no evidence that Mr. Broussard was driving his wife’s car because his own car was out of use due to a breakdown, repair, damage, or loss and, in fact, Troy testified that he “always drove the red car.” Thus, the red Saturn Ion does not qualify as a temporary substitute care for Mr. Broussard under the policy at issue.

*200
Conclusion

The coverage provided to Mr. Broussard under the policy written for his own car (the policy at issue) did not extend liability coverage to him as the driver 17of his wife’s car at the time of the accident. Accordingly, State Farm’s motion for summary judgment is granted and the trial court judgment denying summary judgment is reversed.
WRIT GRANTED; SUMMARY JUDGMENT GRANTED; TRIAL COURT JUDGMENT REVERSED.
ARMSTRONG, C.J. concurs.
BELSOME, J., dissents with reasons

. Policy number 745-855-18A is the policy that was issued to Ann that insured the red Saturn. State Farm covered Troy under this policy because he was driving the insured vehicle.