JAMES F. McKAY III, Judge.
 

 [ jin April of 2004, Thomas Martinez and Artie Fletcher executed the operating agreement of American Steelway Industries, L.L.C. (ASI), a Mississippi limited liability company, with an effective date of April 30, 2004. Per the terms of the agreement, Mr. Martinez’s initial capital contribution to ASI was $59,000.00 in the form of an assignment of a matured promissory note made by InterUrban Housing Corporation, a Louisiana corporation owned and operated by Mr. Fletcher, in favor of Mr. Martinez for $50,000.00 plus 18% interest for a one year term. On January 21, 2005, Mr. Martinez made an additional capital contribution of $10,000.00 into the bank account of Mr. Fletcher’s wife, which Mr. Fletcher had access to.
 

 ASI never contracted with any buyers and never sold any steel products. ASI has no real property, no inventory, no bank accounts, or any other assets with the exception of Mr. Martinez’s capital contributions. On March 23, 2005, Mr. Martinez gave written notice of his withdrawal from ASI, pursuant to section E(l) of the operating agreement, and demanded the return of the fair value of his ^interest in ASI. Mr. Fletcher and ASI refused to return the fair value of Mr. Martinez’s interest in ASI.
 

 Mr. Martinez filed a petition for breach of contract, for damages and for an accounting on March 20, 2008. In this petition, Mr. Martinez asserted that ASI and Mr. Fletcher, individually and as the sole remaining member of ASI, were liable to him for breach of contract or, in the alternative, for an
 
 action de in rem verso
 
 or unjust enrichment. Mr. Fletcher and ASI filed exceptions of lack of personal jurisdiction, prematurity, prescription, and no cause/right of action, which the trial court denied. Mr. Fletcher then applied for supervisory writs, which this Court denied on October 8, 2008. On October 24, 2008, Mr. Martinez filed a first supplemental and amended petition asserting alternative claims against Mr. Fletcher, individually, pursuant to Louisiana Civil Code Articles 2298 and 2299.
 

 On October 31, 2008, Mr. Martinez moved for summary judgment on the breach of contract claims set forth in his original petition. On December 5, 2008, the trial court granted summary judgment in favor of Mr. Martinez and against ASI and Mr. Fletcher, individually. It is from this judgment that Mr. Fletcher and ASI now appeal.
 

 On appeal, ASI and Mr. Fletcher raise the following assignments of error: 1) the district court erred in hearing the motion for summary judgment as it was filed prematurely; 2) the district court erred in granting summary judgment as there were genuine issues as to material facts; 3) the district court erred in granting summary judgment as a matter of law.
 

 lain their first assignment of error, Mr. Fletcher and ASI contend that the trial court erred in granting summary judgment prior to their filing an answer to Mr. Martinez’s first supplemental and amended petition. That argument, however, is misplaced. Mr. Martinez’s motion for summary judgment only addressed issues alleged in his original petition. Mr. Fletcher and ASI answered that petition on July 23, 2008. Accordingly, Mr. Martinez’s motion for summary judgment was not premature.
 

 In then* second and third assignments of error, Mr. Fletcher and ASI contend that there were genuine issues as to material facts and that the trial court erred in
 
 *528
 
 granting summary judgment as a matter of law.
 

 Appellate courts review the granting of summary judgment
 
 de novo
 
 under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate.
 
 Reynolds v. Select Props., Ltd.,
 
 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected.
 
 Oakley v. Thebault,
 
 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden of proof does not shift to the party opposing the summary judgment until the moving party first presents a
 
 prima facie
 
 case that no genuine issues of material fact exist.
 
 Id.
 
 At that point, if the party Lopposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). Summary judgment should then be granted.
 
 Lomax v. Ernest Morial Convention Center,
 
 2007-0092, pp. 2-3 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 465.
 

 In the instant ease, the appellants admit that Mr. Martinez and Mr. Fletcher were the only members of ASI. The appellants also admit that Mr. Martinez’s initial capital contribution to ASI was a $59,000.00 promissory note. Additionally, the appellants admit that ASI has no assets other than Mr. Martinez’s capital contributions, and that there are no books, documents or other evidence showing the total of each member’s capital account. Also, the uncontradicted evidence submitted by Mr. Martinez showed that the $10,000.00 deposit he made into the Fletcher bank account was an additional capital contribution to ASI. Mr. Fletcher has not offered any proof to support his assertions that he made non-cash capital contributions to ASI. Based on the appellants’ own admissions and the uncontradicted evidence submitted by Mr. Martinez, there are no genuine issues of material fact. The fair value of Mr. Martinez’s interest in ASI was and is $69,000.00. Accordingly, Mr. Martinez was entitled to summary judgment as a matter of law.
 

 For the foregoing reasons, we affirm the judgment
 
 of
 
 the trial court.
 

 AFFIRMED.