ROSEMARY LEDET, Judge.
|, This is a worker’s compensation case. In this appeal, Maria Gamez seeks review of the trial court’s decision granting the motion for summary judgment filed by the defendant, Rosalie Pinke. She contends that she is an employee entitled to workers’ compensation and not an independent contractor. For the reasons that follow, we affirm.
STATEMENT OF FACTS AND PROCEDURAL BACKGROUND
In April 2009, Ms. Gamez began working for Ms. Pinke. Ms. Gamez provided housekeeping and other services to Ms. Pinke. As Ms. Pinke’s health declined, Ms. Gamez began to work twelve hours per day, seven days per week at an increased pay rate (increased from $12.00 to $14.00 per hour). Ms. Gamez testified that she bathed Ms. Pinke, washed her hair, drove her to appointments, and sat with Ms. Pinke because she could not be alone. Ms. Gamez testified that Ms. Pinke’s sister, Rosemary Perrone, dictated the hours that Ms. Gamez worked and issued her pay check. Ms. Gamez stated that taxes were not withheld and that | ashe paid her own taxes. Ms. Gamez testified that she also did housekeeping work for another person during the time she worked for Ms. Pinke.
According to Ms. Gamez, the accident at issue occurred on December 14, 2009, when she slipped and fell at Ms. Pinke’s home. Ms. Gamez testified that she broke her left knee and was unable to work for some time after the accident. Ms. Gamez filed a disputed claim for workers’ compensation. Ms. Gamez alleged .that, as Ms. Pinke’s employee, she was entitled to workers’ compensation benefits because she sustained an injury in the course and scope of her employment.
In response, Ms. Pinke filed a motion for summary judgment.[1] Ms. Pinke contended that Ms. Gamez was not her employee under the workers’ compensation statutes. Thus, Ms. Pinke contended that Ms. Ga-mez was not entitled to workers’ compensation benefits. In support of the motion, Ms. Pinke attached the affidavit of Rosemary Perrone, Ms. Pinke’s sister, who attested to the following:
• Ms. Gamez was a sitter hired to attend to the needs of Ms. Pinke, including administering medication, general hygiene and supervision of Ms. Pinke;
• Maria Gamez was paid by checks payable to Cash, with no tax withholdings;
• Neither she nor Ms. Pinke in any way directed Ms. Gamez in how to do her job, only the time in which Ms. Gamez was expected to work;
• Ms. Gomez did not engage in any manual labor as part of her job; and
• Ms. Pinke was “99 years old and retired and being a sitter was not part of her trade, business, or occupation.”
lain opposition, Ms. Gamez contended that Ms. Pinke’s sister paid her and controlled her job duties. Ms. Gamez thus contended that she was an employee under the workers’ compensation statutes and entitled to workers’ compensation benefits.
After a hearing, the workers’ compensation judge granted the motion for sum *899 mary judgment and dismissed Ms. Ga-mez’s claim for compensation. This appeal followed.
STANDARD OF REVIEW
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether the summary judgment is appropriate. Martinez v. American Steelway Industries, L.L.C., 09-0339, p. 3 (La.App. 4 Cir. 9/2/09), 20 So.3d 526, 528 (citing Reynolds v. Select Properties, Ltd., 93-1480, p. 2 (La.4/11/94), 634 So.2d 1180, 1183). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Martinez, 09-0339, p. 3, 20 So.3d at 528 (citing Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490). The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if Lthe party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). Summary judgment should then be granted. Martinez, 09-0339, p. 4, 20 So.3d at 528 (citing Lomax v. Ernest Morial Convention Center, 07-0092, pp. 2-3 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 465).
DISCUSSION
Ms. Gamez contends that the trial court erred in granting the summary judgment filed by Ms. Pinke. Ms. Gamez averred that she was an employee of Ms. Pinke and that she was injured in the course and scope of her employment. Thus, Ms. Gamez concluded that she is entitled to workers’ compensation.
The exclusive remedy against an employer for an employee injured during the course and scope of the employment is through the workers’ compensation provisions. La. R.S. 23:1032. “A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter.” La. R.S. 23:1044.
An exemption exists for employees who provide labor, work, or services to a private residential householder in connection with the private residential premises. La. R.S. 23:1035(B). However, this exemption only applies when the employee’s annual net earnings total one thousand dollars or less. La. R.S. 23:1035(B). Ms. Gamez testified that she worked twelve hours a day, seven days a week, earning | ñ$14.00 per hour. As Ms. Gamez earned more than one thousand dollars annually, this exemption is inapplicable.
Once an individual is presumed to be an employee, the alleged employer may rebut the presumption by establishing that
(1) the services provided were not pursuant to any trade, business, or occupation or
(2) the individual was performing services but was doing so as an independent contractor. Hillman v. Comm-Care, Inc., 01-1140, p. 6 (La.1/15/02), 805 So.2d 1157, 1161.
To overcome the presumption that Ms. Gamez was her employee, Ms. Pinke contends that she, Ms. Pinke, was not engaged in a trade, business, or occupation. Ms. Pinke thus contends that she was not Ms. Gamez’s employer. Alternatively, Ms. Pinke contends that Ms. Gamez was an independent contractor and that the inde *900 pendent contractor exemption precluded an award of workers’ compensation damages to Ms. Gamez.
On the other hand, Ms. Gamez contends that she was performing services arising out of and incidental to her employment in the course of her own, trade, business, or occupation. Additionally, Ms. Gamez contends she was not an independent contractor.
The statutes do not define “trade, business, or occupation.” We therefore must examine outside sources. Black’s Law Dictionary 1184 (9th ed.2009) defines an “occupation” as “[a]n activity or pursuit in which a person is engaged; esp., a person’s usual or principal work or business.” Id. Hiring a sitter does not equate with the entering of the home healthcare trade, business, or occupation. \fíGunter v. Woodson, 99-1794, p. 4 (La.App. 3 Cir. 4/5/00), 759 So.2d 223, 224. We agree that Ms. Pinke — a frail, elderly lady in her nineties — was not engaged in any trade, business, or occupation.
Ms. Gamez correctly noted that La. R.S. 23:1035 states that the provisions “apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer’s trade, business, or occupation.” La. R.S. 23:1035(A). However, the intent of the provision is for the person injured while performing services arising out of and incidental to their own employment in the course of their own trade, business, or occupation to seek recompense from their own workers’ compensation provider.
Ms. Gamez cited Prince v. Baton Rouge General Hosp., 449 So.2d 90 (La.App. 1st Cir.1984), for the proposition that a sitter is an employee of the individual requiring such service. In Prince, the plaintiff was injured while engaged as a sitter for a patient at the defendant hospital. Id. In determining that the plaintiff was not an employee of the hospital, the court noted that the family of the patient hired the sitter, paid the sitter, possessed the authority to terminate the sitter, and determined the hours the sitter worked. Id. at 94. The court determined that the family of the patient, not the hospital, was the employer of the sitter. Id. However, the sitter neglected to sue the family of the patient. The Prince court never addressed whether or not the family’s trade, business, or occupation was such that 17they would be liable for workers’ compensation benefits. Thus, Ms. Gamez’s reliance on Prince, supra, is misplaced.
While Ms. Gamez was presumed to be the employee of Ms. Pinke, we find that Ms. Pinke rebutted the presumption. Ms. Perrone’s affidavit established both that Ms. Pinke was not engaged in any trade, business, or occupation and that Ms. Gomez was performing services as an independent contractor. Ms. Pinke did not control Ms. Gomez’s work or her hours, Ms. Pinke did not withhold taxes (Ms. Gomez was issued a Form 1099, not a W-2 at year end), and Ms. Gomez did not engage in manual labor. Ms. Gamez failed to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden at trial that Ms. Pinke was engaged in a trade, business, or occupation or that she was not an independent contractor. As there is no genuine issue of material fact and Ms. Pinke is entitled to judgment as a matter of law, summary judgment is appropriate.

DECREE

For the foregoing reasons, the judgment granting the motion for summary judgment filed by the defendant is affirmed.
AFFIRMED

. Ms. Pinke died during the course of these proceedings. Ms. Gamez filed a motion to substitute parties to make the Succession of Ms. Pinke a party to the proceeding in place of Ms. Pinke. For ease of reference, we continue to use "Ms. Pinke” when referring to the either Ms. Pinke or the Succession of Ms. Pinke.