EDWIN A. LOMBARD, Judge.
|,In this appeal, the defendant, Cedric Age, seeks a review of the trial court judgment granting the motion for summary judgment filed by the plaintiff, Louisiana Citizens Property Insurance Corporation (“Louisiana Citizens”). The defendant specifically argues that there are genuine issues of material fact that preclude summary judgment. For the following reasons, we affirm.
Relevant Facts and Procedural History
The defendant, Cedric Age (“Mr. Age”), co-owns a double shotgun style home located on 2345-7 Laurel Street in New Orleans, Louisiana, with his mother, Elizabeth Age, and his sister, Angela Age. The defendant’s mother and sister resided in one-half of the double and utilized the other half as an incoming-generating rental.
In June of 2004, Shaneka James and her two children, Diamond and Eddie, Jr., rented the other half of the Laurel Street double after her children tested positive for lead poisoning while living at her previous residence. Ms. James filed suit against her former landlords, the Dimi-tris.[1] On May 31, 2006, Ms. James amended and supplemented her petition to allege that her children we also exposed to lead while residing in the rental half of the Laurel Street double, naming as |2defendants Cedric Age, his wife, Michelle Age, Elizabeth Age, and Angela Age (collectively, the Ages), as well as their insurer, Louisiana Citizens Property Insurance.
On November 8, 2012, Louisiana Citizens filed a petition for declaratory judgment against the defendant, seeking a determination of the rights of the parties with respect to the homeowners insurance policy issued by Louisiana Citizens to Mr. Age. After Mr. Age answered the petition, Louisiana Citizens filed a motion for summary judgment, seeking judgment against the Ages. The Ages filed an opposition, which was adopted by Ms. James. After a hearing, the trial court granted the motion for summary judgment. It is from this judgment that this appeal timely follows.
Standard of Review
The appellate court reviews the granting of summary judgment de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, *677 07-1726, p. 4 (La.2/26/08), 977 So.2d 880, 882-88. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B). If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Martinez v. American Steelway Industries, L.L.C., 09-0389, p. 9 (La.App. 4 Cir. 9/2/09), 20 So.3d 526, 528; (citation omitted). “Generally, material facts are those that potentially ensure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute.” Safeway Ins. Co. of Louisiana v. Premier Automotive Superstore, 09-0074, pp. 2-3 (La.App. 4 Cir. 5/27/09), 13 So.3d 236, 238; (citations omitted).
The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Martinez, 09-0339, p. 3, 20 So.3d at 528; (citation omitted). At that point, if the party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. Code Civ. Proc. art. 966(C)(2). Summary judgment should then be granted. Martinez, 09-0339, p. 4, 20 So.3d at 528; (citation omitted).
This Court recently addressed motions for summary judgment when determining whether insurance coverage exists in Widder v. Louisiana Citizens Property Ins., 11-0196 (La.App. 4 Cir. 8/10/11), 82 So.3d 294 wherein the Court noted:
A summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless on reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, exists under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer, and the agreement governs the nature of their relationship. See La. Civ.Code art. 1983. Moreover, an insurance policy is a contract, which must be construed employing the general rules of a interpretation of contracts. Reynolds, 634 So.2d at 1183; La.Code Civ. Arts. 2045-2057. Courts are not at liberty to alter the terms of insurance policies that are unambiguous. Edwards v. Daugherty, 03-2103 (La.10/1/04), 883 So.2d 932. However, if any doubt or ambiguity exists as to the meaning of a provision in an insurance policy, it must be construed in favor of the insured and against the insurer. See La. Civ.Code art. 2056.
Widder, p. 3, 82 So.3d at 296.
Additional considerations for review of an insurance policy include that the burden is on the insurer to prove an exclusionary provision. Widder, p. 4, 82 So.3d at 296.
Further, it must be noted that the duty to defend is distinct from the scope of coverage. Johnson v. Misirci, 06-1136, p. 4 (La.App. 4 Cir. 3/28/07), 955 So.2d 715, 718. It is settled that when an exclusion to a policy is applicable, the insurer owes no duty to defend or indemnify the insured. Crabtree v. Hayes-Dockside, Inc., 612 So.2d 249, 251 (La.App. 4 Cir.1992). However, a duty to defend may exist if there is a single allegation in the plaintiffs petition under which coverage is not unambiguously excluded. Johnson, 06-1136, p. 5, 955 So.2d at 719.
*678 Discussion
In his appeal, Mr. Age asserts that the trial court erred by granting summary judgment even though genuine issues of material fact exist regarding whether his mother lived at the Laurel Street property, and whether his mother rented out the Laurel Street property.
In its motion for summary judgment, Louisiana Citizens asserts that the policy between the parties does not provide liability coverage regarding any allegations related to the rental of the Laurel Street property and any business pursuits. In support, Louisiana Citizens submits (1) a copy of the Louisiana Citizens policy of homeowners insurance as issued to Mr. Age; and (2) the deposition testimony of Mr. Age stating that the Laurel Street property, in which his mother and his sister lived in one-half of the double with the other half rented to Ms. James, was always used as a rental.
|fiThe language of Louisiana Citizens’ homeowners insurance policy provides, in pertinent part, as follows:
SECTION II — LIABILITY COVERAGES
COVERAGE E — Personal Liability If a claim is made or a suit is brought against an “insured” for damages because of “bodily injury” or “property damage” caused by an “occurrence” to which this coverage applies, we will:
1. Pay up to our limit of liability for damages for which the “insured” is legally liable. Damages include prejudgment interest awarded against the “insured”; and
2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the “occurrence” equals out limit of liability.
COVERAGE F — Medical Payments To Others
We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing “bodily injury.” Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except “residence employees.” As to others, this coverage applies only:
1. To a person on the “insured location” with the permission of an “insured”; or
2. To a person of the “insured location,” if the “bodily injury”:
a. Arises out of a condition on the “insured location” or the ways immediately adjoining;
b. Is caused by the activities of an “insured”;
c. Is caused by a “residence employee” in the course of the “residence employee’s” employment by an “insured”; or
d. Is caused by an animal owned by or in the care of an “insured.”
SECTION II — EXCLUSIONS
1. Coverage E — Personal Liability and Coverage F — Medical payments to Others do not apply to “bodily injury” or “property damage”:
_k* * *
b. Arising out of or in connection with a “business” engaged by an “insured.” This exclusion applies but is not limited to an act or omission, re *679 gardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the “business”;
c. Arising out of the rental or holding for rental of any part of any premises by an “insured.” This exclusion does not apply to the rental or holding for a rental of an “insured location”: 1. On an occasional basis if used only as a residence; ...
[[Image here]]
In response, Mr. Age contends that Louisiana Citizens has not offered any evidence to support its motion for summary judgment. Instead, Mr. Age argues that because his mother utilized the Laurel Street property as her residence and rented out the other side on an occasional basis, the exception to the rental exclusion is applicable.
Louisiana Citizen’s policy expressly excludes coverage for occurrences arising out of the business pursuits of any of the insured or out of the rental of any of the insureds’ property. A review of the record reveals that the Ages consistently rented out one-half of the double on Laurel Street since the time of purchase of the property in 1992. The injuries alleged by Ms. James arise out of the rental of one-half of the Laurel Street property. Thus, Louisiana Citizens met its burden of proving that no genuine issues of material fact exist and that the exclusion applied as a matter of law.
After Louisiana Citizens presented a prima facie case, it then became incumbent on Mr. Age to introduce factual sup- ■ port sufficient to establish that he will be able to meet his evidentiary burden of proof at trial. However, Mr. Age 17submits no evidence in response to Louisiana Citizen’s motion for summary judgment. Consequently, after conducting our de novo review, we find that Louisiana Citizen carried its burden of proof on summary judgment entitling it to a dismissal from this matter.
Conclusion
Accordingly, the judgment of the trial court granting the motion for summary judgment as filed by Louisiana Citizens Property Insurance Corporation is affirmed.
AFFIRMED

. Shaneka James, et al. v. The Succession of Frank P. Dimitri, et al., No. 2003-11949, Division C, Civil District Court for the Parish of Orleans.