PAUL A. BONIN, Judge.
hln this appeal, the Zulu Social Aid and Pleasure Club, Inc. (Zulu), seeks review of the judgment of the trial court granting the motion for summary judgment filed by Certain Underwriters at Lloyd’s, London (Lloyd’s). For the following reasons, we reverse the trial court’s granting of the motion for summary judgment and remand this matter to the trial court for further proceedings.

STATEMENT OF FACTS/PROCEDURAL HISTORY

Faith Brooks, her husband, and their minor child, filed suit on October 6, 2011, alleging that Mrs. Brooks sustained injuries when a coconut thrown by a rider in the Zulu parade hit her in the face. Specifically, the petition for damages alleged that her injuries were caused by:
The deliberate and wanton act or gross negligence of the Zulu Krewe and organization, its officers, directors and members, in the following non-exclusive particulars, to-wit:
a. Throwing a coconut from the float directly at Faith Brooks, striking her in the face;
b. Failing to enforce the mandatory rules and regulations adopted by the Zulu Krewe and organization, the Mardi Gras Association and the City of New Orleans barring any member |2or float rider from throwing a coconut or other inherently dangerous hard object from the float at the spectators;
*705 c. Throwing a coconut when Zulu, its members and float riders, knew or certainly should have known, that injury to one or more spectators was substantially certain, if not inevitable;
d. Failing to bar its members and float riders from throwing coconuts from the floats;
e. Failing to provide emergency and first aide assistance to the victim, Faith Brooks, when Zulu and its members and float riders knew that she was struck directly in the face by the coconut; and
f. Any and all other deliberate and wanton acts and/or gross negligence of the Krewe, the organization, officers and directors, members and float riders which become known during the course of discovery and/or trial on the merits.
The record suggests that Zulu’s insurer, Lloyd’s, appointed counsel to represent Zulu pursuant to a reservation of rights, although the plaintiffs had yet to name Lloyd’s as a defendant.
Plaintiffs amended their petition on May 5, 2011, by adding the following allegations against Zulu: “[o]n the part of the drivers of the tow vehicles, failing to properly and safely secure its load, including the personnel and material on the float before and during the parade itself’ and “[flailing to train the drivers of the motor vehicles towing the floats to make sure that they barred any Zulu member or rider from violating the mandatory rules and regulations adopted by the Zulu Krewe and organization, the New Orleans Mardi Gras Association, the City of New Orleans and others including, but not limited to, the throwing of hard objects from the floats.”
Additionally, plaintiffs’ first amending and supplemental petition also added Lloyd’s, and others, as additional defendants. The plaintiffs’ alleged that Lloyd’s | ..¡provided a policy of insurance that provided coverage for the “subject damages and losses sustained by Faith Brooks.”
Lloyd’s answered the plaintiffs’ petitions on June 27, 2011, and denied coverage, among other things. Likewise, Lloyd’s filed a motion for summary judgment on June 27, 2011, alleging that the policies that it issued to Zulu contained an endorsement which specifically excluded coverage for any coconut thrown in any fashion from anywhere on the float. The trial court granted the motion for summary judgment on September 20, 2011.
On October 6, 2011, Zulu filed a petition to annul the judgment, establishing that it did not receive proper notice of the motion for summary judgment. The trial court annulled the judgment granting the motion for summary judgment on November 14, 2011.
Lloyd’s renewed its motion for summary judgment, alleging that the policies that it issued to Zulu contained an endorsement excluding coverage for the injuries claimed by the plaintiffs. Both Zulu and the plaintiffs filed opposition memoranda to the motion for summary judgment. After a January 20, 2012 hearing on the motion, the trial court granted the motion for summary judgment filed by Lloyd’s, dismissing the plaintiffs’ claims against Lloyd’s with prejudice. From the February 27, 2012 judgment, Zulu (but not the plaintiffs) filed the instant motion for appeal.

STANDARD OF REVIEW

Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether the summary judgment is appropriate. Martinez v. American Steelway Industries, L.L. C., 09-0389, p. 3 (La.App. 4 Cir. 9/2/09), 20 So.3d 526, 528, citing Reynolds v. Select Props., Ltd., 93-1480, p. 2 (La.4/11/94), 634 So.2d 1180, 1183. A summary judgment shall be rendered forthwith if the *706 pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Martinez, 09-0339, p. 3, 20 So.3d at 528, citing Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). Summary judgment should then be granted. Martinez, 09-0339, p. 4, 20 So.3d at 528, citing Lomax v. Ernest Morial Convention Center, 07-0092, pp. 2-3 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 465.

DISCUSSION

Zulu argued that the trial court erred in granting summary judgment to Lloyd’s because of the policy exclusion. In discussing contracts of insurance, this Court has noted:
An insurance policy is a contract between the parties and should be interpreted using the general rules of contracts as provided in the Civil Code. Huggins v. Gerry Lane Enterprises, Inc., 06-2816, 06-2843, p. 3 (La.5/22/07), 957 So.2d 127, 129 (citing Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763). The plain, ordinary and generally prevailing meanings should be given to words and phrases used in an insurance policy, unless the words have acquired a | .^technical meaning. Id. (Citing La. C.C. art. 2047; Cadwallader, 02-1637 at p. 3, 848 So.2d at 580; Carbon v. Allstate Ins. Co., 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439). If the language of the insurance policy is clear and unambiguous, this Court must refrain from enlarging or restricting the provisions beyond the reasonably contemplated terms. Id. (Citing Carrier v. Reliance Ins., Co., 99-2573, pp. 11-12 (La.4/11/00), 759 So.2d 37, 43).
Johnson v. First Nat. Ins. Co. of Am., 10-1335, p. 3 (La.App. 4 Cir. 4/27/11), 65 So.3d 693, 695.
Mrs. Brooks alleged that she was injured when a member of Zulu threw a coconut from a float, which struck her face. Mrs. Brooks’ petition averred that she sustained injuries, including a broken nose. In her January 3, 2012, answers to interrogatories propounded by Blaine Kern, Mrs. Brooks again stated that she was injured when a Zulu member threw a coconut, from the float, which struck her in the face. In her amending and supplemental petition, Mrs. Brooks alleged that Lloyd’s provided coverage to Zulu for the damages sustained by her.
The policy issued by Lloyd’s to Zulu contained a General Change Endorsement (referred to by the parties as the “Coconut Exclusion”) providing, “[i]t is hereby agreed and understood that there will be no coverage for any coconut thrown in any fashion from anywhere on the float. Coconuts may be handed from the first layer of the float only.” Relying on the Coconut Exclusion, Lloyd’s filed the motion for summary judgment.
Zulu argued that summary judgment was inappropriate because the petition stated that the claims presented were *707 non-exclusive, and created the possibility of liability pending further, adequate discovery. Thus, Zulu concluded that it was impossible to say that the Lloyd’s policy excluded coverage pending adequate discovery. This argument has merit. A defendant may file a motion for summary judgment “at any time” and the motion is properly granted (if the mover is so | ^entitled) after “adequate discovery or after a case is set for trial.” La. C.C.P. art. 966 A(l) and C(l). There is no requirement that discovery be completed before a motion for summary judgment is filed or heard. Bourgeois v. Curry, 05-0211, p. 10 (La.App. 4 Cir. 12/14/05), 921 So.2d 1001, 1008. The Bourgeois Court observed, however, that courts can, under the right circumstances, “be receptive to an argument that discovery has been hindered by some circumstance beyond the [opponent’s] control.” Id. The trial court has the discretion to issue a summary judgment or to require further discovery. Eason v. Finch, 32,157, p. 7 (La.App. 2 Cir. 8/18/99), 738 So.2d 1205, 1210.
Addressing the “adequate discovery” claim, we note that the original petition for damages was filed on May 6, 2010, while the amended petition was filed on May 5, 2011. The record indicates that Lloyd’s provided counsel to Zulu, but it does not appear that this counsel conducted any discovery on Zulu’s behalf. It is not clear from the record when Lloyd’s appointed counsel ceased representing Zulu, although it appears that Zulu was utilizing its own paid counsel after it filed the petition to annul on October 6, 2011. The trial court granted the petition to annul, and reversed the September 20, 2011, summary judgment, on November 14, 2011. The trial court granted Lloyd’s renewed motion for summary judgment on January 20, 2012. It, therefore, does not appear from the record that Zulu’s current counsel has had much more than three months to conduct discovery in this case.
In making this observation, we do not mean to suggest or imply that Lloyd’s appointed counsel rendered anything less than adequate representation to Zulu. Instead, it merely appears from the record that no discovery was conducted on Zulu’s behalf during the time that it was represented by Lloyd’s appointed counsel. Given the circumstances of the instant case, we find that the trial court abused its 17discretion in ruling on the motion for summary judgment before allowing Zulu a meaningful opportunity to conduct discovery. Because there is the possibility that additional discovery could reveal a material issue of fact, the granting of summary judgment at this stage of the case was premature.
In light of our disposition, we need not address Zulu’s further argument regarding Lloyd’s duty to defend. Zulu further argued that Lloyd’s possessed a duty to defend.

CONCLUSION

Accordingly, the judgment of the trial court granting the motion for summary judgment filed by Lloyd’s and dismissing plaintiffs’ suit with prejudice is reversed. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED
BAGNERIS, J., dissents with reasons.
BELSOME, J., dissents for the reasons assigned by J. BAGNERIS.