JAMES F. McKAY, III, Chief Judge.
| ¶ Defendant/appellant, James Andrews (“Mr. Andrews”), seeks review of the granting of summary judgment in favor of defendant/appellee, Towing & Recovery Professionals of Louisiana Trust (“Trust”). For the reasons that follow, we affirm.

STATEMENT OF FACTS

Plaintiff, Carlin Valencia (“Ms. Valencia”), filed a petition for damages alleging that on May 81, 2005, she sustained injuries when her vehicle was struck by a tow truck driven by Mr. Andrews. The tow truck was owned by Mr. Andrew’s company, A & J Auto Wreckers, Inc. (“A & J”). Mr. Andrews, A & J, and the Trust, which provided liability coverage to A & J for its tow truck operation, were named as defendants.[1]
The Trust filed a motion for summary judgment, denying coverage on the basis that its coverage agreement with A & J contains an endorsement, which specifically lists Mr. Andrews as an excluded driver. In support of the motion for summary judgment, the Trust introduced the coverage agreement, which named Michael Heisser (an employee of A & J) as a driver, identified a 1985 Chevy (the 12truck involved in the accident) as a covered vehicle, and named Mr. Andrews as an excluded driver. The named driver exclusion provides as follows:
This coverage does not apply to damages, accidents, or losses caused while a covered ‘auto’ is being operated or used by JAMES ANDREWS. Whether or not you have given your express or implied permission for this operation or use. “You” or “your” authorized representative have accepted this endorsement and indicated “your” agreement by signing below.
Mr. Andrews signed the endorsement on August 27, 2004.
On November 10, 2009, the trial court granted the motion for summary judgment and dismissed all of Ms. Valencia’s claims against the Trust with prejudice. Mr. Andrews filed the instant appeal.[2]

STANDARD OF REVIEW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha, v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83. “Gen erally, material facts are those that potentially ensure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute.” Safeway Ins. Co. of Louisiana, 2009-0074, pp. 2-3 (La.App. 4 Cir. 5/27/09), 13 So.3d 236, 238 (quoting Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992)).
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. *939 Greemon v. City of Bossier City, 2010-2828, p. 6 (La.7/1/11), 65 So.3d 1263, 1267 (Citing Schroeder v. Bd. of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991)). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogate-ries, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).[3]
If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Martinez v. American Steelway Industries, L.L.C., 2009-0339, p. 3 (La.App. 4 Cir. 9/2/09), 20 So.3d 526, 528 (citing Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490). The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Id. “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). “Summary judgment should then be granted.” Martinez, 2009-0339, p. 4, 20 So.3d at 528 (citing Lomax v. Ernest Mortal Convention Center, 2007-0092, pp. 2-3 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 465).

DISCUSSION

The parties agreed that the Trust is not an insurance company. However, the contract between the parties in the present case declares that the Trust will provide coverage to A & J in the event of an accident. Essentially, the agreement is a contract of insurance. Insurance is defined as “a contract by which one party (the insurer) undertakes to indemnify another party (the insured) against risk of loss, damage, or liability arising from the occurrence of some specified contingency.” |4BIack’s Law Dictionary 870 (9th ed.2009). While the Trust is not subject to the In-suranee Code, we believe that the contract between the Trust and A & J is to be interpreted utilizing the general rules of contract interpretation and the jurisprudential rules specifically relating to the interpretation of contracts of insurance.
In Baehr v. Bonner, 2009-0151, pp. 3-4 (La.App. 4 Cir. 1/13/10), 30 So.3d 196, 198, this Court discussed the interpretation of contracts of insurance as follows:
An insurance policy is a conventional obligation that constitutes the law between the insured and insurer. Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024. Courts interpret insurance policies the same way they interpret other contracts, by using general rules of contract interpretation as set forth. in the Louisiana Civil Code. Id. The extent of coverage is determined from the intent of the parties as reflected by the words of the insurance policy and role of the judiciary in interpreting insurance contracts is to ascertain the common intent of the insured and insurer as reflected by the words in the policy. Ledbetter v. Concord Gen. Corp., 95-0809 (La.1/6/96), 665 So.2d 1166. Although the purpose of liability insurance is to afford the insured protection from damage claims and, therefore, insurance contracts should be interpreted to effect, not deny, coverage, Yount v. Maisano, 627 So.2d 148 (La.1993), when the words of an insurance contract are clear and *940 explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. Civ.Code art.2046.
Moreover, the Supreme Court has stated that “[i]f after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer and in favor of coverage.” Bonin v. Westport Ins. Corp., 2005-0886, p. 5 (La.5/17/06), 930 So.2d 906, 911.
It is well established that an insurance exclusion must be strictly construed in favor of coverage. American Deposit Ins. v. Myles, 99-2659, p. 5 (La.App. 4 Cir. 5/31/00), 764 So.2d 173, 175. In discussing exclusions from coverage, the Supreme Court has found that any exclusion from coverage must be clear and | .^unmistakable. Duncan v. U.S.A.A. Ins. Co., 2006-363, pp. 4-5 (La.11/29/06), 950 So.2d 544, 547.
Here, Mr. Andrews contends that the trial court erred in granting summary judgment because the coverage agreement with the Trust was ambiguous and confusing as to whether or not Mr. Andrews had coverage. In support of that argument, Mr. Andrews claims that he did not know what he was signing. Mr. Andrews testified in his deposition that he did not pay attention to the named driver exclusion when he signed the coverage agreement, although he stated that the agent went over the contract with him and provided him with a copy after the agreement was signed.
A person who signs a written contract is presumed to know its contents and cannot avoid its obligations by contending he did not read the document, or that it was not explained, or that he did not understand it, barring misrepresentation, fraud, or violence. Jeansonne v. Attorney’s Liability Assur. Soc., 2003-1985, p. 7 (La.App. 4 Cir. 12/15/04), 891 So.2d 721, 726; See also, Rizzo v. Ward, 2009-1325, p. 3 (La.App. 4 Cir. 2/24/10), 32 So.3d 986, 989. No allegations of duress or misconduct on the part of the agent for the Trust exist in the present case.
In applying these general precepts to the present case, we conclude that the words contained in the named driver exclusion are clear and explicit, and lead to no absurd consequences. Mr. Andrews has not demonstrated that the exclusion is ambiguous and confusing.
In her opposition to the motion for summary judgment, Ms. Valencia argued before the trial court that allowing the owner of the vehicle to list himself as an excluded driver is contrary to public policy. We disagree.
|fiIn discussing the right to contractually limit coverage, this Court recently stated:
It is equally well-settled that subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Reynolds [v. Select Properties, Ltd.], p. 3, 634 So.2d [1180] at 1183 [ (La.1994) ]. As stated by the Supreme Court in Commercial Union Ins. Co. v. Advance Coating Co., 351 So.2d 1183, 1185 (La.1977), quoting Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72 (1939):
The rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed, or to refine away terms of a contract expressed *941 with sufficient clearness to convey the plain meaning of the parties.
Burmaster v. Plaquemines Parish Government, 2010-1543, pp. 5-6 (La.App. 4 Cir. 3/30/11), 64 So.3d 312, 317.
Furthermore, La. R.S. 32:900(L), as amended by La. Acts 2001, No. 368, § 1, expressly allows the named insured to list himself/herself as the named excluded driver. See Hawkins v. Redmon, 2009-2418, p. 12 (La.7/6/10), 42 So.3d 360, 367. The Supreme Court has generally recognized that the purpose of the named driver exclusion “is to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by the excluded driver.” Id., p. 6, 42 So.3d at 363 (citing Joseph v. Dickerson, 99-1046, p. 9 (La.1/19/00), 754 So.2d 912, 917). Thus, the Trust possessed the right to limit the coverage it provided to A & J.
Finally, Mr. Andrews asserts that the coverage agreement is ambiguous and confusing, explaining that he would not have selected $50,000.00 in uninsured motorist coverage (as reflected in the agreement) if he knew he was an excluded |7driver. We do not consider Mr. Andrew’s uninsured motorist election to have any bearing on the issue here. As previously stated, the named driver exclusion clearly bars coverage for Mr. Andrews. Moreover, we find that the uninsured motorist provision does not conflict with the named driver exclusion and does not create an ambiguity within the coverage agreement. Thus, we find no merit in this argument.

CONCLUSION

Our de novo review of the record reveals that there are no genuine issues of material fact, and the Trust is entitled to judgment as a matter of law. Accordingly, the trial court’s granting of summary judgment in favor of the Trust is hereby affirmed.
AFFIRMED

. The Trust is a non-profit association organized under the laws of the State of Louisiana for the purpose of providing a means by which liability claims or judgments shall be paid or settled arising from claims against members of the trust. A & J is a member.

. Ms. Valencia filed an opposition to the motion for summary judgment but did not file an appeal.

. We note that La. C.C.P. art. 966(B) was amended in 2012 to delete the term “on file.” However, because this case was heard prior to the amendment, the former version is applicable.