STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-537

MAYRA ARTIGUE

VERSUS

WAL-MART STORES, INC., ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, DOCKET NO. 09-C-5247-A
HONORABLE JAMES P. DOHERTY, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

Charlotte C. McDaniel McGehee
6513 Perkins Road
Baton Rouge, LA 70808
(225) 389-6711
**ATTORNEY FOR PLAINTIFF/APPELLANT**
  Mayra Artigue

Stephen P. Beiser
Susanne Veters
McGlinchey Stafford
601 Poydras Street, 12th Floor
New Orleans, LA 70130
(504) 586-1200
**ATTORNEY FOR DEFENDANT/APPELLEE**
  Wal-Mart Stores East, LP

**COOKS, Judge.**

This is an appeal arising from a judgment granting a motion for summary judgment in favor of Defendant, Wal-Mart Stores East, LP, finding the Plaintiff, Mayra Artigue, cannot establish a *prima facie* case of sexual harassment or a claim for intentional infliction of emotional distress.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was hired as an Unloader at Wal-Mart's Opelousas Distribution Center on July 28, 2008. Wal-Mart notes she was put through an orientation consisting of classes, tests and videos relating to Wal-Mart's anti-harassment policies and procedures. Accordingly, Wal-Mart maintains Plaintiff was aware that Wal-Mart had a zero tolerance policy towards sexual harassment and that all incidents of harassment were to be reported to management.

On August 16, 2008, Plaintiff requested and received a transfer at the Distribution Center from the weekday to the weekend shift. One of her three area managers was Titus Joubert. Plaintiff maintained she was repeatedly harassed by Joubert, finally culminating in him touching her private parts on October 4, 2008, while inside a trailer. The incident was unwitnessed. Immediately following the alleged touching of her private parts, Plaintiff stated that Joubert responded "it's okay" and continued to speak to her about work before he left the trailer and returned with a bottle of water for her. Plaintiff left work that day before her shift ended.

On October 8, 2008, Plaintiff returned to the Distribution Center for the first time since the October 4, 2008 incident. She reported the alleged incident to Human Resources Manager Vivian Dawson. She was interviewed and asked to prepare a written statement. In the written statement, Plaintiff listed five previous instances where Joubert had made inappropriate comments or had come too close to her. She explained she did not report these previous instances, because she

2

"didn't see much to it" at the time. Plaintiff also requested a three-week leave of absence due to the incident.

Upon receipt of Plaintiff's statement, Dawson began an investigation into the allegations. Joubert was suspended without pay pending the outcome of the investigation. Joubert and several co-workers were questioned. Joubert denied the allegations, and there were no witnesses to the alleged incident. Thus, Dawson was unable to substantiate Plaintiff's claims. However, Dawson did discover, as a result of a separate investigation that was being conducted at the Distribution Center, Joubert had recently massaged a female worker's shoulders. Although that worker did not file any complaint and purported to not be offended by the massage, Dawson determined the massage was inappropriate and Joubert should be disciplined. On October 27, 2008, Joubert was terminated from his position with Wal-Mart.[1]

Plaintiff obtained several extensions of her three-week leave of absence and remained off of work. On November 11, 2009, Dawson informed Plaintiff by certified letter her leave had expired on October 12, 2009. Wal-Mart's policy provided the maximum length for a personal absence because of a medical condition was twelve months. Despite this, Dawson asked Plaintiff to fill out another extension of leave form in case it was determined she was entitled to another extension due to special circumstances. Dawson also informed Plaintiff if she failed to return the extension request within fifteen days she was subject to possible termination. Plaintiff did not comply with Dawson's request, and was terminated on December 7, 2009.

Plaintiff filed suit against Wal-Mart and Joubert alleging hostile work environment sexual harassment in violation of La.R.S. 23:301 *et seq.*, and

---

[1] It was established that Joubert had been disciplined for other violations in the past, which were contributing factors in his termination: Failure to sign out power equipment; tardiness; and failure to provide timely feedback to employees about their performance.

intentional infliction of emotional distress under La.Civ.Code art. 2315. After some discovery had occurred, Wal-Mart filed a Motion for Summary Judgment contending, based on the undisputed facts, that there was no basis for liability on the part of Wal-Mart for any of the causes of action asserted by Plaintiff. Plaintiff opposed the motion, contending there were disputed genuine issues of material fact that prevented the granting of summary judgment.

A hearing was held, after which the trial court granted summary judgment in favor of Wal-Mart. The trial court found there was essentially no dispute about the facts (which Plaintiff strongly disagreed with) and found Plaintiff's allegations of harassment did not constitute the type of severe or pervasive conduct required to establish a hostile work environment sexual harassment claim. The trial court also found Plaintiff did not suffer any tangible employment action as a result of the alleged harassment and could not establish a claim for intentional infliction of emotional distress or vicarious liability on the part of Wal-Mart for any alleged intentional tort. The trial court also found Wal-Mart was entitled to the *Ellerth/Faragher* affirmative defense based on Wal-Mart's prompt response to Plaintiff's complaint in accordance with its policies.

Plaintiff has appealed, asserting the trial court erred in granting Wal-Mart's Motion for Summary Judgment. Plaintiff argues the facts below show Wal-Mart's harassment policy was not enforced and a hostile work environment did exist at the Wal-Mart in question. It is also asserted Wal-Mart is responsible to Plaintiff under the doctrine of *respondeat superior.* Plaintiff further contends the trial court erred in finding no tangible employment action occurred as a result of the alleged harassment when Plaintiff was fired after she was put on leave without pay after reporting the harassment.

**ANALYSIS**

Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions admitted, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Pursuant to a 1996 amendment to the summary judgment article, the summary judgment procedure is now favored under our law. La.Code Civ.P. art. 966(A)(2).

Paragraph C(2) of Article 966 provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The burden of proof does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. *Martinez v. American Steelway Industries, L.L.C.*, 09-0339 (La.App. 4 Cir. 9/2/09), 20 So.3d 526. At that point, if the party opposing the motion "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La.Code Civ.P. art. 966(C)(2). Summary judgment should then be granted. *Hood v. Cotter*, 08-215, p. 6 (La.12/2/08), 5 So.3d 819, 823.

5

In *Hardy v. Bowie*, 98-2821, p. 6 (La. 9/8/99), 744 So.2d 606, 610, the Louisiana Supreme Court stated that "[a] fact is 'material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Additionally, the Supreme Court stated that "[f]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id*.

Plaintiff alleges she was forced to work in a hostile environment created by repeated sexual advances toward her by her supervisor. Louisiana Revised Statutes 23:332(A) provides that it shall be unlawful for an employer to:

> (1) Intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.

> (2) Intentionally limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, or national origin.

As this statute is similar to Title VII of the Civil Rights Act of 1964, Louisiana courts have availed themselves of decisions found in federal jurisprudence when interpreting claims pursuant to La.R.S. 23:332. *Hicks v. Cent. La. Elec. Co., Inc.*, 97-1232 (La.App. 1 Cir. 5/15/98), 712 So.2d 656.

In order to prevail on a hostile work environment claim, the claimant must prove five elements: 1) she belonged to a protected group; 2) she was subjected to harassment; 3) the harassment was motivated by discriminatory animus; 4) the harassment affected a term, condition, or privilege of employment; and 5) that the employer knew or should have known of the harassment and failed to take proper remedial action. *Edmond v. Pathfinder Energy Servs., Inc.*, 11-151, pp. 9-10 (La.App. 3 Cir. 9/21/11), 73 So.3d 424, 429-30 (citing *Chaney v. Home Depot, USA, Inc.*, 05-1484 (La.App. 4 Cir. 8/16/06), 940 So.2d 18, *writ denied*, 06-2286

(La. 11/22/06), 942 So.2d 559), *writ denied*, 11-2234 (La. 12/16/11), 76 So.3d 1204. "[W]here the harassment is allegedly committed by a supervisor with immediate (or successively higher) authority over the harassment victim, the plaintiff need only satisfy the first four elements listed above." *Celestine v. Petroleos De Venezuela SA*, 266 F.3d 343, 353 (5th Cir. 2001).

The United States Supreme Court recognized two categories of hostile work environment sexual harassment claims: (1) harassment that "culminates in a tangible employment action[;]" and (2) harassment that takes place in the absence of a tangible employment action. *Penn. State Police v. Suders*, 542 U.S. 129, 143, 124 S.Ct. 2342, 2352 (2004), *quoting Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 (1998). If a claimant establishes she suffered a tangible employment action which resulted from the alleged sexual harassment, the employer is vicariously liable *per se*. *Casiano v. AT&T Corp.*, 213 F.3d 278 (5th Cir. 2000). If the claimant did not suffer a tangible employment action as a result of the harassment, the employer may assert the affirmative defense set forth by the Supreme Court in *Faragher*, 524 U.S. at 777-78, 118 S.Ct. at 2278 (citation omitted):

> When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence. The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any ... harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

Plaintiff asserts she suffered a tangible employment action in this case, and thus Wal-Mart should not be entitled to the affirmative defense set forth in *Faragher*.

### I. *Tangible Employment Action.*

A tangible employment action is defined as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Ellerth*, 524 U.S. at 761, 118 S.Ct. at 2268. After a review of the record, we cannot say the trial court erred in finding no tangible employment action resulted from the alleged sexual harassment. Joubert did not take any adverse employment action against Plaintiff, nor did his conduct result or culminate in any adverse employment action. Plaintiff was in a position to return to her same job immediately after she made her complaint and was not required to work again with Joubert, who was terminated from his position with Wal-Mart. The record established Plaintiff was not placed on leave, but requested leave and repeatedly extended her leave.

Plaintiff was clearly informed on November 11, 2009, that her leave had expired, and if she did not return the paperwork to extend her leave within fifteen days she would be terminated in accordance with Wal-Mart's policies. Plaintiff argued she was given the "wrong paperwork" by Wal-Mart. However, Plaintiff acknowledged she received a letter expressly advising her that once the one-year leave period expired, she would have to fill out a different leave package. Plaintiff stated she ignored the letter because she believed she should not have to complete any additional forms or have to return to her doctor. Thus, the trial court did not err in finding Plaintiff's termination was not a result of the alleged harassment. It is not enough to show merely that a tangible employment action eventually followed the harassment. *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052 (10th Cir. 2009). A claimant must demonstrate a causal nexus between the supervisor's harassment and the tangible employment action. *Id.*

## II. *Hostile Work Environment Sexual Harassment Claim.*

The absence, however, of a finding that a tangible employment action occurred is not necessarily fatal to Plaintiff's hostile work environment sexual harassment claim. An employer still has to establish as an affirmative defense "(a) that the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 787. The court in *Faragher* stated "in order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so." *Id*. at 787, citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367 (1993). The supreme court directed the courts to determine whether a workplace environment is "sufficiently hostile or abusive by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher*, 524 U.S. at 787-88, *quoting Harris*, 510 U.S. at 17. The court cautioned that Title VII is not intended to become a "general civility code" and should not prohibit "genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex." *Faragher*, 524 U.S. at 787-88, *quoting Oncale v. Sundowner Offshore Serv. Inc.*, 523 U.S. 75, 118 S.Ct. 998 (1998). The court noted that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the "terms and conditions of employment." *Id*. As Wal-Mart points out, *Faragher* states that in the absence of a tangible employment action, to prevail on a hostile work environment claim, a claimant must

9

demonstrate that the alleged harassment was so severe or pervasive as to change the "terms and conditions of employment." Wal-Mart contends Plaintiff cannot make that demonstration, thus it is entitled to summary judgment in this case.

Plaintiff set forth the following incidents of harassment against her by Joubert:

1.      Sometime in August of 2008, Joubert handed Plaintiff some paperwork and Joubert's hand was "moving toward" Plaintiff's stomach. Plaintiff moved away from Joubert.

2.      While reviewing paperwork with Plaintiff, Joubert's finger or pen touched Plaintiff's knee. Plaintiff moved the chair back to avoid any further contact until Joubert left the room.

3.      On one occasion in mid-August, 2008, Joubert walked behind Plaintiff in a group of people and stated "that's okay, walk faster, I love to see you walk."

4.      On September 29, 2008, Joubert told Plaintiff that she was pretty and that he liked to see her walk.

5.      On one occasion Joubert asked Plaintiff if she was bothered that he was a married man and during that same conversation then made a sexually explicit comment about Jolly Rancher candy to Plaintiff inferring that pink was the color of his private parts. "He as he pulled out of his pocket a candy . . . I asked 'Do you have a red?' And he said 'No it's not red it's pink.' With a smirk on his face."

6.      On October 4, 2008, Plaintiff stated when she and Joubert were alone in a trailer, Joubert reached around her several times, finally grabbing her buttocks aggressively  and then running is finger over Plaintiff's vagina.

Wal-Mart argues "a single one to two second long alleged act of inappropriate touching, two mild comments, a 'smirk,' an 'almost' touching of the stomach and a 'kind of' touching of the corner of the knee with a finger or pen over a two month period" do not rise to the level of severity or pervasiveness required to support a claim of hostile work environment sexual harassment. The trial court weighed Plaintiff's allegations and agreed with Wal-Mart that it was not severe or pervasive. We find the trial court's weighing of the allegations and factual

10

determinations are inappropriate at the summary judgment stage of the proceedings.

Moreover, we find there is, at a minimum a genuine issue of material fact as to whether the allegations set forth by Plaintiff are sufficient to establish the harassment by Joubert was so severe or pervasive as to change the terms and conditions of Plaintiff's employment.

We find woefully inadequate Wal-Mart's characterization of the alleged incident on October 4, 2008, as "a single one to two second long alleged act of inappropriate touching." This alleged incident as described by Plaintiff raises questions regarding the seriousness of the incident and the underlying intent as to whether the incident met the reasonable definition of the word severe. In this sense, genuine issues of material fact remain. Moreover, the court in *Faragher* clearly set forth that isolated incidents, if extremely serious, can amount to discriminatory changes in the "terms and conditions of employment." A sexual assault of an employee by her supervisor may reasonably be considered an extremely serious incident. The court in *Faragher* also directed courts to "determine whether an environment is sufficiently hostile or abusive by 'looking at all the circumstance,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher*, 524 U.S. at 787-88, *quoting Harris*, 510 U.S. at 17. The trier of fact could reasonably view the October 4, 2008 incident as severe, physically threatening or humiliating, and conclude it would interfere with the employee's work performance. Therefore, we find the trial court's factual determination that Plaintiff's allegations did not rise to the level of severe or pervasive was inappropriate.

11

"A sexual harassment claim, by its very nature, is very [fact] intensive." *White v. Golden*, 43,076, p. 14 (La.App. 2 Cir. 4/30/08), 982 So.2d 234, 244. As is our charge, we have conducted a *de novo* review of the record, and find it is possible that the trier of fact could find Plaintiff's allegations sufficient to amount to severe or pervasive conduct. Thus, a genuine issue of material fact exists and summary judgment is precluded.

Nevertheless, Wal-Mart argues even if Plaintiff proves the existence of a hostile work environment claim, Wal-Mart may avoid liability by proving that it had an effective harassment policy in place and exercised reasonable care to prevent and correct promptly any sexually harassing behavior toward Plaintiff. Specifically, Wal-Mart argues summary judgment was appropriate here because it was undisputed that it had an effective policy on harassment in place, provided extensive training on that policy, immediately responded to Plaintiff's complaint, and that Plaintiff failed to take advantage of the correctional opportunities provided by Wal-Mart. We find, however, this argument is genuinely disputed by the testimony of several witnesses in this case, including Amanda Williams, an area manager, who testified there were two separate reports of Joubert harassing female employees that went uninvestigated. Michelle LeBlanc, a manager, stated that Joubert had a prior improper relationship with a female employee named Dena that was not investigated internally. Plaintiff maintains the affirmative defense Wal-Mart attempts to avail itself of is only applicable if the harassment policy in place is enforced, which she maintains it was not in the instant case. While Wal-Mart's affirmative defense may ultimately prove to be a bar against Plaintiff's suit in this case, there exist genuine issues of material fact at this stage of the proceedings which prevent summary judgment being granted in Wal-Mart's favor.

**DECREE**

For the foregoing reasons, the judgment of the lower court granting the motion for summary judgment is reversed. The matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Defendant-Appellee, Wal-Mart Stores East, LP.

**REVERSED AND REMANDED.**