CHARLES R. JONES, Chief Judge.
hThe Appellant, De Rome A. Seals, seeks review of the judgment of the district court granting the motion for summary judgment filed by the Appellee, Omni Bank Insurance Companies (Omni). Finding that the district court did not err in granting the motion for summary judgment, we affirm the judgment of the district court.
Mr. Seals opened a checking account bearing account number -XXXX6597 with Omni on July 22, 2008. The account possessed overdraft protection. Between September 29, 2008 and October 1, 2008, Mr. Seals conducted a series of twenty-four transactions which progressively overdrew his checking account. On October 2, 2008, Mr. Seals issued a $40 check to his landlord, River Garden Apartments. Omni refused to honor the check when presented for payment. Omni charged the normal nonsufficient funds (“NSF”) fee of $35, as well as a $5 continuous overdraft fee to Mr. Seals’ account.
On May 1, 2009, Omni cashed a $500 check drawn on Mr. Seals’ account for an individual who presented Mr. Seals’ Louisiana Mobility Impaired card, |acontaining Mr. Seals’ picture, for identification. On May 2, 2009, Omni cashed another check drawn on Mr. Seals’ account for $700 for an individual who also presented Mr. Seals’ Louisiana Mobility Impaired card for identification. Mr. Seals subsequently alerted Omni of the theft of his checkbook and Louisiana Mobility Impaired card. Additionally, Mr. Seals informed Omni that the two transactions were not authorized by him. Omni directed Mr. Seals to close the account, complete a police report, and a fraud affidavit. Upon presentation of the police report and the completion of the fraud affidavit, Omni credited Mr. Seals’ new checking account, number XXXX7090, in the amount of $1,200, representing the total of the two fraudulent transactions.
*669 Mr. Seals later complained to Omni about four online transactions that appeared on his bank statement which he asserted were not authorized by him, and requested that his account be credited. Omni determined that the transactions were not authorized and credited Mr. Seals’ account a total of $166.05. Due to security concerns, Mr. Seals closed account XXXX7090 and opened yet another checking account, XXXX7306.
Mr. Seals requested another debit card from Omni for his new checking account, but Omni notified Mr. Seals it would not issue a new debit card due to the manner in which he utilized his prior cards. Mr. Seals closed his checking account XXXX7306 with Omni and moved his business to a different bank.
lüMr. Seals filed a petition for damages charging Omni with negligent or intentional infliction of mental and emotional distress, misrepresentation, violation of the Fair Trade Act, violation of the Guarantees Consumer Act, aggravation of preexisting illnesses, character assassination, slander, and misleading business practices. Mr. Seals based his charges on several transactions conducted at Omni. Mr. Seals’ petition also alleged that he inadvertently wrote a check from the closed Omni account XXXX7306 to pay a merchant, who later charged Mr. Seals a $50 fee upon receiving notification that the Omni account was closed.
Mr. Seals alleged that the above actions of Omni resulted in him suffering undue stress, insomnia, anxiety, chronic financial difficulties, unnecessary fees, distraught, aggravated pre-existing illnesses, and erectile dysfunction.
During the course of the litigation, Mr. Seals filed a motion for a protective order, which was denied by the district court. Mr. Seals subsequently filed a motion for partial summary judgment. Therein, Mr. Seals alleged that Omni breached a contractual agreement with him. Mr. Seals argued that Omni failed to authorize the $40 check on October 2, 2008, in violation of the overdraft protection. Mr. Seals cited the federal rules regarding summary judgment in support of his motion. Mr. Seals attached the following exhibits to his motion: a print out of a statement from Omni; a copy of the $40 check; a copy of the May 2, 2009, $700 check; a copy of a transaction ticket for the May 1, 2009, $500 transaction; a letter dated October 14, 2009, from Omni informing Mr. Seals that he would not receive a new debit card; a copy of his fraud affidavit; a copy of the 14poIice report generated over the theft of his checkbook and Louisiana Impaired Mobility card; a copy of a letter confirming that Mr. Seals is a patient at the HIV Outpatient Program; and a report dated August 29, 2011, noting that Mr. Seals received a diagnosis of depression and anxiety.
Omni filed a motion for summary judgment wherein it asserted that Mr. Seals’ claim alleging that Omni violated the Guarantees Consumer Act must fail because there is no Louisiana or federal law entitled as such. Omni pointed to Mr. Seals’ deposition, wherein Mr. Seals acknowledged that he could not provide a basis for this claim.
The second argument Omni raised noted that Mr. Seals’ claim that Omni violated the Fair Trade Act must be dismissed. Omni argued that it did not sell, advertise, or offer to sell any merchandise at less than cost. Omni further noted that the Louisiana legislature repealed the Fair Trade Law, La. R.S. §§ 51:391-396, via Louisiana Acts 1977, No. 709, § 1. And, in response to interrogatories, Mr. Seals testified that this claim arose from Omni’s misleading claims about business activities. Omni asserted that Mr. Seals’ claim for *670 misrepresentations must be dismissed as Mr. Seals could not support such claims. Omni noted that Mr. Seals asserted that Omni’s statement that Mr. Seals had overdraft protection was a misrepresentation. Omni detailed the overdrafts that it did honor just prior to the $40 check it did not honor. Further, Omni attached a copy of its deposit agreement. The deposit agreement provided that Omni had the right to dishonor a check drawn on a checking account which was overdrawn, even when the account 1 ¿holder possessed overdraft protection. Omni submitted a copy of the signature card executed by Mr. Seals, who signed the card acknowledging that he received a copy of the deposit agreement and agreed to follow the terms of the deposit agreement.
The third argument raised by Omni asserts that Mr. Seals’ claim that Omni violated the Louisiana Unfair Trade Practices Act (LUTPA) must be dismissed because as a federally insured financial institution, Omni argued it is exempt from LUTPA. See La. R.S. 51:1406.
In its fourth argument, Omni averred that Mr. Seals’ claim for defamation must fail as Mr. Seals could not support such a claim. Omni cited Costello v. Hardy, 2003-1146, p. 12 (La.1/21/04), 864 So.2d 129, 139, wherein the Supreme Court noted that to support such a claim, a plaintiff must establish a false and defamatory statement concerning another, an unprivileged publication to a third party, fault on the part of the publisher, and resulting injury. Omni argued that it did not make any false and defamatory statement, and that Mr. Seals could not prove any injury as a result of any allegedly defamatory statement.
In its fifth argument, Omni avers that Mr. Seals asserted that Omni informed him that it possessed a video of the thief who utilized his Louisiana Mobility Impaired card to perform a transaction without Mr. Seals’ permission. Omni argued that Mr. Seals claimed that Omni then informed him that it possessed no such video. Hence, Mr. Seals concluded that Omni committed a misrepresentation. Omni argued that even if a video existed, Omni possessed no duty to show the | f,video to Mr. Seals. As Mr. Seals could not identify a duty owed by Omni, Omni concluded that this claim must be dismissed.
Omni’s sixth argument asserts that Mr. Seals could not prove his alleged damages of financial losses, mental anguish or emotional distress, and aggravation of a preexisting condition(s). Omni argued that Mr. Seals could not prove that Omni caused him any financial losses. Omni asserted that Mr. Seals was rightfully charged a fee in connection with the overdrawn $40 check. Omni provided proof that they credited money to Mr. Seals’ account once it received proof that the transactions complained by Mr. Seals were fraudulent. And, Omni noted that Mr. Seals inadvertently wrote a check on the Omni account that he had closed, causing the merchant, not Omni, to assess a $50 returned check fee.
Omni further argued that Mr. Seals provided no proof of tortious conduct and resulting mental anguish. Further, Omni averred that Mr. Seals provided no proof of tortious conduct which aggravated a pre-existing condition. First, Omni noted that Mr. Seals claimed the same aggravation of pre-existing condition in other lawsuits. Omni noted that in discovery responses, Mr. Seals presented no evidence that a pre-existing condition was aggravated by any alleged tortious conduct of Omni.
Omni’s seventh argument averred that in his motion for partial summary judgment, Mr. Seals alleged a new cause of *671 action, breach of contract. Omni noted that this claim must be dismissed as it was not asserted in his petition. Alternatively, Omni asserted that Mr. Seals provided no proof of any contract with |7Omni, and thus, no proof of a breach of any contract. Omni noted that in order to establish a cause of action for breach of contract, Mr. Seals must prove the existence of the contract, a breach of the contract, and damages resulting from the breach. Favrot v. Favrot, 2010-0986, pp. 14-15 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1109, writ denied, 2011-0636 (La.5/6/11), 62 So.3d 127. Omni concluded that because Mr. Seals presented no evidence to support his claim that Omni breached any alleged contract, the claim must be dismissed.
Lastly, Omni argued that Mr. Seals’ claim for negligent or intentional infliction of emotional distress must be dismissed. In support of its argument, Omni cited White v. Monsanto Co., 585 So.2d 1205 (La.1991). Therein, the Court found that to establish a claim for intentional infliction of emotional distress, a plaintiff must prove: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. Id., 585 So.2d at 1209. Omni asserted that Mr. Seals could not meet his burden of proof. Omni noted that its conduct was not extreme or outrageous. Omni properly credited Mr. Seals’ accounts after checks were improperly cashed and after the unauthorized online transactions. Omni asserted that Mr. Seals failed to produce any medical documentation to establish that he suffered severe emotional distress. Thus, Omni concluded that Mr. Seals’ claim for intentional infliction of emotional distress must be dismissed.
LAs for the claim of negligent infliction of emotional distress, Omni cited jurisprudence which notes that Louisiana law does not recognize such a claim. See Moresi v. State Through Dep’t of Wildlife and Fisheries, 567 So.2d 1081 (La.1990). Thus, Omni concluded that Mr. Seals’ claim for negligent infliction of emotional distress must be dismissed.
Mr. Seals filed an opposition to Omni’s motion for summary judgment. Mr. Seals argued that Omni owed him a fiduciary duty and did not act in his best interest. Mr. Seals again argued that Omni breached a contract. Mr. Seals attached a letter dated October 8, 2008, from the River Garden Apartments, his landlord. The letter noted that Mr. Seals owed $210 in past due rent and late fees. The letter also provided that because of the returned $40 check, River Garden Apartments required Mr. Seals to pay by cashier check or money order.
After the hearing, the district court granted Omni’s motion for summary judgment, dismissing all of Mr. Seals’ claims against Omni. The district court did not reference Mr. Seals’ partial motion for summary judgment. Mr. Seals filed this timely appeal, and raises five (5) assignments of error, as well as four (4) issues, which he did not designate as assignments of error.
Assignments of Error raised on appeal:
A. The district court erred in not considering the merits of the action;
B. The district court erred in not considering the exhibits of record;
C. The district court erred in not considering the testimonies;
D. The district court erred in not providing any Laws or Statutes as a basis for said ruling;
*672 |,,E. the district court erred in not hearing all of the motions filed by the Appellant.
The issues presented for review are:
1. Whether the Appellee breached the contract with the Appellant when a check was returned when there was an overdraft protection clause?
2. Whether the Appellee' had a fiduciary duty to the Appellant and was it breached?
3. Did the Appellee owe a duty of care to the Appellant and was it breached?
4. Did the Appellee owe a duty of Loyalty to the Appellant and was it breached?
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether the summary judgment is appropriate. Martinez v. American Steelway Industries, L.L.C., 2009-0339, p. 3 (La.App. 4 Cir. 9/29/09), 20 So.3d 526, 528, citing Reynolds v. Select Props., Ltd., 93-1480, p. 2 (La.4/11/94), 634 So.2d 1180, 1183. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Martinez, 2009-0339, p. 3, 20 So.3d at 528, citing Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. “Generally, material facts are those that potentially ensure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute.” Safeway Ins. Co. of Louisiana v. Premier Automotive Superstore, 2009-0074, 2009-0075, pp. 2-3 (La.App. 4 Cir. 5/27/09), 13 So.3d 236, 238, citing Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992).
The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Martinez, 2009-0339, p. 3, 20 So.3d at 528, citing Oakley, 96-0937, p. 3, 684 So.2d at 490. At that point, if the party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). Summary judgment should then be granted. Martinez, 2009-0339, p. 4. 20 So.3d at 528, citing Lomax v. Ernest Mortal Convention Center, 2007-0092, pp. 2-3 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 465.
We note that Mr. Seals filed a pro se brief which does not comport with the requirements of Rule 2-12.4 of the Uniform Rules — Courts of Appeal, which requires that an appellant brief include:
A concise statement of the case, the ruling or action of the trial court thereon, a specification or assignment of alleged error relied upon, the issues presented for review, an argument confined strictly to the issues of the case free from unnecessary repetition, giving accurate citations of the pages of the record, and authorities cited and a short conclusion stating the precise relief sought.
Mr. Seals failed to abide by Rule 2-12.4 in that his brief lacks any argument on the assignments of error, does not cite to any page of the record, does not cite any authority, and does not contain a conclusion stating the precise relief sought. 11,However, as Mr. Seals is appearing pro se, we will review his assignments of error and examine the record using the applica *673 ble standard of review to determine whether the district court correctly granted the motion for summary judgment filed by Omni.
The first assignment of error raised by Mr. Seals is that the district court failed to consider the merits of the action. Our review of the record indicates that Omni submitted overwhelming evidence that Mr. Seals would not be able to meet his burden of proof at trial as to any claim presented by Mr. Seals. Once Omni presented a prima facie case that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law, the burden shifted to Mr. Seals to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Mr. Seals failed to submit such factual support. Furthermore, we find that there is no evidence in the record to support Mr. Seals’ assertion that the district court failed to consider the merits of the action. The district court properly granted the motion for summary judgment filed by Omni. Thus, this assignment of error is without merit.
The second assignment of error raised by Mr. Seals is that the district court erred in not considering the exhibits and testimonies submitted on the record. Mr. Seals failed to cite to any portion of the record which would support his assignment of error. Furthermore, our de novo review of the record, including all exhibits attached to Mr. Seals’ motion for partial summary judgment, Omni’s motion for 1 ^summary judgment, and Mr. Seals’ opposition to Omni’s motion for summary judgment, reveals that Omni presented a prima facie case that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. Mr. Seals failed to submit evidence that he would be able to satisfy his evidentiary burden of proof at trial. There is simply no evidence that the district court entered judgment -without consideration of all of the exhibits. Thus, this assignment of error is without merit.
The third assignment of error raised by Mr. Seals is that the district court erred in not providing any laws or statutes as a basis for said ruling. Mr. Seals cited no authority for his argument that a district court must provide the laws and statutes relied upon in rendering a judgment. It is only when a party requests that the court give in writing its findings of fact and reasons for judgment that a court must provide its findings of fact and reasons for judgment. La. C.C.P. art. 1917(A). Thus, this assignment of error is without merit.
The fourth assignment of error raised by Mr. Seals is that the district court erred in not hearing all of the motions filed by Mr. Seals. During the course of the proceeding, Mr. Seals filed a motion for a protective order. The district court issued a judgment denying Mr. Seals’ motion for a protective order on December 5, 2011. Mr. Seals then filed a motion for partial summary judgment. The district court continued the hearing on Mr. Seals’ motion for partial summary judgment until such time as Omni filed a cross-motion for summary judgment.
After the hearing, the district court issued a judgment granting Omni’s motion for summary judgment, and dismissing all of Mr. Seals’ claims with 113prejudice. When a judgment is silent with respect to a claim, it is presumed that the district court rejected that claim. Leary v. Foley, 2007-0751, p. 4 (La.App. 4 Cir. 2/13/08), 978 So.2d 1018, 1021.
In the matter sub judice, both parties submitted motions for summary judgment. The district court granted Omni’s motion *674 and dismissed all of Mr. Seals’ claims. The district court clearly rejected Mr. Seals’ motion for partial summary judgment. As Mr. Seals filed no other motions, this assignment of error is without merit.
Mr. Seals presented issues for review that are different from his assignments of error. As Mr. Seals is in proper person, we shall address the issues presented for review, although Mr. Seals failed to brief the issues.
The first issue Mr. Seals presented for review is whether Omni breached a contract with Mr. Seals when a check was returned on an account with an overdraft protection clause. Omni presented evidence that Mr. Seals entered into twenty-four transactions between September 29, 2008 and October 1, 2008, which gradually and progressively overdrew his checking account. Between September 29, 2008 and October 1, 2008, Omni granted overdraft protection to Mr. Seals. However, on October 2, 2008, Omni decided to dishonor a $40 charge on Mr. Seals’ account due to the number of overdrafts honored between September 29, 2008 and October 1, 2008. Omni presented evidence that it grants discretion to its managers as to whether to honor a check written on insufficient funds. In response, Mr. Seals presented no evidence that a contract with Omni required |14Omni to honor any and all checks or transaction drawn on an already overdrawn account. Once Omni presented a prima facie case that no genuine issues of material fact existed and that it was entitled to judgment as a matter of law, Mr. Seals failed to submit factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial that Omni breached a contract. Thus, the district court properly granted the motion for summary judgment filed by Omni.
The second issue presented for review by Mr. Seals is whether Omni owed Mr. Seals a fiduciary duty and whether that fiduciary duty was breached. In Louisiana, no such general duty exists. As provided by La. R.S. 6:1124,
No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.
Omni, a financial institution, presented evidence that Mr. Seals did not have a written agency or trust agreement. Thus, Omni owed no fiduciary duty to Mr. Seals. Once Omni presented a prima facie case that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law, the burden shifted to Mr. Seals to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Mr. Seals again failed to carry his burden of proof. Therefore, this Court finds that the district court properly granted the motion for summary judgment filed by Omni.
|]5The third issue for review Mr. Seals presented is whether Omni owed Mr. Seals a duty of care and breached that duty. Mr. Seals failed to specify what duty of care was owed and exactly how that duty was breached by Omni. Omni submitted evidence that it properly credited Mr. Seals’ account upon receiving proof that unauthorized transactions were conducted involving Mr. Seals’ account. Mr. Seals inadvertently wrote a check on an Omni account he personally closed. Any fee charged by the merchant is due to the fault of Mr. Seals, and any claim to the *675 contrary is spurious. Once Omni presented a prima facie case that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law, the burden shifted to Mr. Seals to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Mr. Seals failed to submit factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial that Omni owed him a duty of care which was breached by Omni. A review of the record reveals that this issue is meritless, and we find that the district court properly granted the motion for summary judgment filed by Omni.
Lastly, the fourth issue Mr. Seals raised is whether Omni owed a duty of loyalty and whether that duty was breached by Omni. Mr. Seals failed to point to any statute or case law establishing a duty of loyalty. Our review of the law finds none. Thus, this issue is without merit.

|1fiDECREE

Our thorough de novo review of the record indicates that Omni Bank Insurance Companies presented a prima facie case that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. Mr. De Rome A. Seals failed to submit factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial on any alleged claim. Thus, summary judgment was appropriate. Accordingly, the district court judgment granting the motion for summary judgment filed by Omni Bank Insurance Companies, is affirmed.
AFFIRMED