| CERA MARIE VITALIANO | * | NO. 2025-CA-0038 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| CHRISTOPHER DAVID BLACKSTOCK | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-03559, DIVISION "K"
Honorable Bernadette D'Souza, Judge
\* \* \* \* \* \*
**Judge Karen K. Herman**
\* \* \* \* \* \*

(Court composed of Chief Judge Roland L. Belsome, Judge Karen K. Herman, Judge Monique G. Morial)

Hope L. Harper
H L HARPER & ASSOCIATES, LLC
909 Poydras Street, Suite 1825
New Orleans, LA 70112

  COUNSEL FOR PLAINTIFF/APPELLANT

Melanie Lockett
LOWE STEIN HOFFMAN ALLWEISS & HAUVER
701 Poydras Street, Suite 3600
New Orleans, LA 70139

  COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**OCTOBER 30, 2025**

KKH
RLB
MGM

Appellant, Cera Vitaliano Lonero, formerly Cera Marie Vitaliano ("Lonero"), appeals the trial court's October 4, 2024 judgment, which denied her exceptions of *res judicata* and no cause of action and her request for sanctions; granted the motion for attorney's fees and costs filed by Appellee, Christopher David Blackstock ("Blackstock") and ordered Lonero to pay $50,000 in attorney's fees and costs; and granted Blackstock's exception of no cause of action as to Lonero's request for sanctions.

For the following reasons, the trial court's judgment is affirmed.

**FACTUAL AND PROCEDURAL HISTORY**

Lonero and Blackstock are the parents of a minor child, G.J.B., born March 29, 2016. Lonero and Blackstock were never married.

On April 11, 2018, Lonero filed a petition for an initial custody determination, to set visitation, to implement co-parenting guidelines, and for child support.

A consent judgment was executed on February 28, 2020, granting the parties joint legal custody of the minor child. The judgment provided that Lonero and Blackstock were "co-domiciliary parents" with "equal rights of physical custody" of the minor child. It further provided that the minor "shall primarily reside in New

Orleans with his mother" while his father completed his medical residency in Philadelphia, Pennsylvania.

On December 10, 2021, Blackstock filed a motion for contempt and to modify legal and physical custody of the minor child, for custody evaluation, and for other relief. In his motion, Blackstock claimed that Lonero had violated the terms of the consent judgment and has repeatedly made unilateral decisions regarding their minor child. Among other things, Blackstock alleged that Lonero withdrew the minor child from the school he was attending, moved to St. Tammany Parish, and enrolled him at another school without consulting Blackstock. Blackstock sought sole custody or in the alternative to be designated as the domiciliary parent, if joint custody is maintained. Blackstock also requested attorney's fees and costs incurred for the filing and the prosecution of the motion for contempt.

After a multi-day trial,[1] the trial court rendered judgment on August 4, 2023, awarding shared custody of the minor child and designating Blackstock as the domiciliary parent.[2] The trial court also found Lonero in contempt of court for willfully disobeying the February 28, 2020, consent judgment "by moving the child outside of Orleans Parish to St. Tammany and depriving Dr. Blackstock of his co-parenting and co-domiciliary rights."

Thereafter, on March 22, 2024, Blackstock filed a motion for attorney's fees and costs. Blackstock argued that because Lonero was held in contempt for

---

[1] Trial commenced on August 25, 2022, and concluded July 19, 2023.

[2] This trial transcript is not a part of the record.

denying his co-parenting and co-domiciliary custody rights, an award of attorney fees and costs was mandatory under La. R.S. 9:346.[3]

In response, on March 23, 2024, Lonero filed exceptions of no cause of action and *res judicata*. Lonero claimed Blackstock had sought attorney's fees and costs in his December 2021 motion for contempt and the trial court had declined to award fees in its August 4, 2023 judgment.[4] Lonero alleged there was "no mechanism in the law for the court to 'reconsider' the apportionment of attorney's fees and costs nearly a year after a judgment was issued" and thus there is no cause of action. Lonero also argued *res judicata* bars Blackstock's claim for costs and fees. Lonero further sought sanctions under La. C.C.P. art. 863 for the alleged frivolous filing.

On August 21, 2024, Blackstock filed an opposition to Lonero's exceptions as well as an exception of no cause of action as to Lonero's request for sanctions. In opposition, Blackstock claimed that his right to assert a claim for attorney's fees and costs vested when the trial court held Lonero in contempt of court for depriving him of his custody rights and thus he has a cause of action and his claim is not prohibited by *res judicata.* Additionally, Blackstock contends his claim for

_____

[3]La. R.S. 9:346 provides, in part:

> A. An action for the failure to exercise or to allow child visitation, custody or time rights pursuant to the terms of a court-ordered schedule may be instituted against a parent. The action shall be in the form of a rule to show cause why such parent should not be held in contempt for the failure and why the court should not further render judgment as provided in this Section.
> . . .
> C. If the action is for the failure to allow child custody, visitation, or time rights pursuant to a court-ordered schedule, and the petitioner is the prevailing party, the defendant shall be held in contempt of court and the court shall award to the petitioner:
> . . .
> (3) All attorney fees and costs of the proceeding.

[4] Lonero is correct in that the August 4, 2023 judgment does not address attorney's fees.

fees and costs is warranted by law and thus not frivolous nor filed for an improper purpose.

The motions and exceptions came for hearing before the trial court on August 29, 2024. The trial court denied Lonero's exceptions of *res judicata* and no cause of action and proceeded to the issue of attorney's fees. Counsel for Blackstock called Blackstock to testify regarding the fees and introduced, among other documents, exhibits of the attorney's fees.[5] After a recess, the trial court found that La. R.S. 9:346 was inapplicable but granted Blackstock an award of attorney's fees and costs associated with the contempt under La. R.S. 13:4611(D),(G) in the amount of $50,000.00.[6] The trial court also granted Blackstock's exception of no cause of action with respect to Lonero's claim for sanctions under La. C.C.P. art. 863.[7]

Lonero's appeal followed.[8]

---

[5] Both redacted and unredacted copies were introduced at the hearing. The unredacted copies were produced to the trial court for an *in camera* inspection. Blackstock was billed by two separate firms for attorney's fees: Lowe, Stein, Hoffman, Allweiss and Hauver (September 17, 2021 – December 28, 2022) and Lowe and Stein, LLC (January 5, 2023 - March 22, 2024).

[6] The transcript provides in part:

> I've had an opportunity to review all of the accounting submitted into evidence, and having heard the testimony and argument of both counsel and reviewing the record, … the Court finds that Louisiana Revised Statute 9:346 does not apply in this instance. The plain language of the judgment references a deprivation of co[-]parenting and co-domiciliary rights, which have to do with decision making, not visitation. However, the Court will award reasonable attorney's fees and costs associated with the contempt under the provisions of Louisiana Revised Statute 13:4611, Section 1D and 1G, totaling $50,000 to be made immediately executory.

[7] At the hearing, the trial court also considered motions for sanctions filed by Blackstock with respect to a third and fourth motion to recuse and a motion for temporary emergency sole custody filed by Lonero. However, those motions are not at issue in this appeal.

[8] Lonero filed a notice of intent to file a suspensive appeal but failed to furnish security or request the trial court fix the security deposit. However, this "Court has long recognized that '[i]n ordinary proceedings, a failure to pay a suspensive appeal bond is not generally considered grounds for dismissal because the appeal is simply converted to a devolutive appeal when the appeal bond is not timely paid.'" *See Cloud v. Gibson*, 2023-0435, p. 7 (La. App. 4 Cir. 7/30/24),

## Lonero's Exceptions of No Cause of Action and *Res judicata*

As her first assignment of error, Lonero contends that the trial court erred in denying her exceptions of no cause of action and *res judicata*.[9]

*No Cause of Action*

This Court in *Neville v. LCMC Health Holdings, Inc.,* 2024-0305, pp. 2-3, --- So.3d ---- 2025 WL 2218315 at *1 (La. App. 4 Cir. 8/5/25), set forth the applicable law in considering an exception of no cause of action as follows:

> "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy based upon the facts alleged in the petition." *Veroline v. Priority One EMS*, [20]09-1040, p. 4 (La. 10/9/09), 18 So.3d 1273, 1275 (citations omitted). Although the well-pleaded factual allegations in the petition must be accepted as true for purposes of the exception, "conclusions of law or fact, and evidentiary facts will not be considered." *McKamey v. New Orleans Public Facility Management, Inc.*, [20]12-0716, p. 8 (La. App. 4 Cir. 9/19/12), 102 So.3d 222, 227 (citing *Sparks v. Donovan*, [20]04-0388 La. App. 4 (Cir. 10/13/04), 884 So.2d 1276, 1279). Louisiana has adopted a system of fact pleading pursuant to which the mere conclusion of the pleader unsupported by facts does not set forth a cause of action. *See Montalvo v. Sondes*, [19]93-2813 (La. 5/23/94), 637 So.2d 127, 131 (citations omitted). "[I]t is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions." *Bibbins v. City of New Orleans*, [20]02-1510, p. 5 (La. App. 4 Cir. 5/21/03), 848 So.2d 686, 691 (citations omitted). "[A]llegations purporting to be factual but which are merely self-serving conclusions must be disregarded." *Sutton v. Adams*, [20]18-0196, p. 5 (La. App. 4

---

399 So.3d 604, 609, *writ denied,* 2024-01078 (La. 11/20/24), 396 So.3d 68 (quoting *Makarna v. Champion Foods, Inc.,* 2021-0322, p. 2 (La. App. 4 Cir. 11/3/21), 366 So.3d 139, 141 n.1). As such, the appeal may be converted to a devolutive one.

[9] Generally, the denial of an exception of prescription is interlocutory in nature and not appealable. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to her in addition to the review of the final judgment appealed from. *See Elysian, Inc. v. Neal Auction Co., Inc.*, 2020-0674, p. 9 (La. App. 4 Cir. 7/21/21), 325 So.3d 1075, 1083 ("It is well-settled that although an interlocutory judgment may not itself be immediately appealable, it is nevertheless subject to review by an appellate court when a judgment is rendered in the case which is appealable"; "[w]hen an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment appealed from").

Cir. 12/19/18), 318 So.3d 776, 781 (citations omitted). The peremptory exception of no cause of action is properly sustained "when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which she can receive legal remedy under the applicable substantive law." *City of New Orleans v. Board of Directors of the Louisiana State Museum*, [19]98-1170, p. 10 (La. 3/2/99), 739 So.2d 748, 756.

Also, in reviewing a trial court's ruling on an exception of no cause of action, appellate courts apply a *de novo* standard of review. *See Waiters v. deVille,* 2019-1048, p. 8 (La. App. 4 Cir. 4/22/20), 299 So.3d 728, 735.

Here, taking the allegations as true, Blackstock stated a valid cause of action against Lonero. As noted above, the motion for attorney's fees and costs alleged that Lonero was held in contempt for "failing to allow Dr. Blackstock his custody rights to co-parent and to engage in equal decision making, as co-domiciliary parent" and claimed that an award of attorney's fees and costs was required under La. R.S. 9:346.

La. R.S. 9:346 (C)(1) provides that attorney's fees and costs of the proceeding shall be awarded when a party is held in contempt "for the failure to allow child custody, visitation, or time rights pursuant to a court-ordered schedule." Although Blackstock did not ultimately prevail on costs and fees under that provision and was awarded fees under La. R.S. 13:4611, Blackstock did have a remedy available under the law; thus, the trial court correctly denied Lonero's exception of no cause of action.

*Res Judicata*

This Court in *Kimball v. Kamenitz,* 2021-0101, p. 20-21 (La. App. 4 Cir. 10/26/21), 331 So.3d 474, 487–88, sets forth the standard and the law applicable on an exception of *res judicata* as follows:

The standard of review of an exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect. *Bd. of Sup'rs of La. State Univ. v. Dixie Brewing Co.*, 2014-0641, p. 6 (La. App. 4 Cir. 11/19/14), 154 So.3d 683, 688.

The party who urges the exception of *res judicata* bears the burden of proving its essential elements by a preponderance of the evidence. *Guidry v. One Source Facility Servs.*, 2004-2007, p. 3 (La. App. 4 Cir. 4/27/05), 901 So.2d 626, 628.

The doctrine of *res judicata* precludes re-litigation of all causes of action arising out of the same transaction or occurrence that were the subject matter of a prior litigation between the same parties. *Contogouris v. Ocean Therapy Sols., LLC*, 2015-0472, p. 5 (La. App. 4 Cir. 1/27/16), 187 So.3d 18, 21 (citing *Oliver v. Orleans Par. Sch. Bd.*, 2014-0329, 2014-0330, pp. 20-21 (La. 10/31/14), 156 So.3d 596, 611).

Louisiana's *res judicata* statute is La. R.S 13:4231, which provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court has stated that "the chief inquiry is whether the second action asserts a cause of action which arises out of the same transaction or occurrence that was the subject matter of the first action." *Myers v. Nat'l Union Fire Ins. Co. of La.,* 2009-1517 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 211 (quoting *Burguieres v. Pollingue*, 2002-1385, p. 7 (La. 2/25/03), 843 So.2d 1049, 1053). However, to succeed on an exception of *res judicata*, a party must prove all five of the following elements:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Id*. at p. 7, 43 So.3d at 211 (quoting *Burguieres*, 2002-1385, p. 8, 843 So.2d at 1053).

Lonero claims that Blackstock's December 10, 2021 pleading sought a contempt finding as well as an assessment of attorney's fees and court costs in the filing and prosecution of the motion. Lonero contends that because the trial court's August 4, 2024 judgment was silent as to the fees and costs, it is presumed the trial court denied the relief sought. *See Seals v. Omni Bank Ins. Companies,* 2012-0863, p. 13 (La. App. 4 Cir. 11/28/12), 104 So.3d 667, 673 ("[w]hen a judgment is silent with respect to a claim, it is presumed that the district court rejected that claim")*; Kirby v. Poydras Ctr., LLC*, 2015-0027, p. 9 (La. App. 4 Cir. 9/23/15), 176 So.3d 601, 606. Lonero thus argues Blackstock cannot relitigate the issues of attorney's fees and costs.

Blackstock, however, claims that Lonero's argument ignores the fact that his right to a cause of action for attorney's fees and costs "vested upon entry of the judgment holding Lonero in contempt" and that claim for fees was not actually adjudicated in his prior motion. As such, Blackstock claims that the new claim could not be barred before it existed. We find Blackstock's arguments to be persuasive.

It is common practice for an attorney to move for attorney's fees after a judgment and present evidence to support an award of fees. Further, attorney's fees under La. R.S. 13:4611(D),(G) are awarded to "the prevailing party" and thus Blackstock was not the prevailing party until the trial court executed the August 4,

9

2023 judgment finding Lonero in contempt.[10] Additionally, in his motion for attorney's fees and costs he based his claim on the August 4, 2023 judgment of contempt whereas the request for fees in the earlier motion for contempt was to recover fees for the filing and prosecution of the motion.[11]

Moreover, the burden of proof is on the party urging the exception of *res judicata* and "if there is any doubt" as to the applicability of the *res judicata*, "the exception must be overruled." *Louisiana Workers' Comp. Corp. v. Betz*, 2000-0603, p. 3 (La. App. 4 Cir. 4/18/01), 792 So. 2d 763, 765. We do not find that Lonero has met this burden of proving applicability of *res judicata* on the issues of attorney's fees and costs and as such, the trial court did not err in denying the exception of *res judicata.*

**Blackstock's Exception of No Cause of Action & Lonero's Request for Sanctions**

As her second assignment of error, Lonero contends that the trial court erred in granting Blackstock's exception of no cause of action and denying her request for sanctions under La. C.C.P. art. 863.

---

[10]*See Eckstein v. Becnel*, 2019-0720, p. 7 (La. App. 4 Cir. 6/3/20), 302 So.3d 67, 71 (the issue of attorney's fees was not actually litigated and decided by trial court in prior proceeding brought by former owner of interest in LLC against interest owner for alleged breaches of settlement agreement, and thus trial court's award of $48,818.79 in attorney's fees to former owner upon his motion to set attorney's fees was not barred by *res judicata*; judgment issued by court in prior proceeding was silent as to attorney's fees, and issue of attorney's fees could not have been decided during prior proceeding, as former owner did not become prevailing party, and thus could not recover until interest owner's subsequent appeal and writ of certiorari were denied).

[11] In Blackstock's December 2021 motion for contempt and "for other relief," he requested the trial court to "find [Lonero] in contempt, and sanction her appropriately, including without limitation, providing make-up time to him, and requiring her to pay all of his attorney's fees and court courts incurred in the filing and prosecution of this [m]otion[.]" The motion for attorney's fees and costs, on the other hand, contends Blackstock is entitled fees and costs in accordance with La. R.S. 9:346 based on the August 4, 2023 judgment finding Lonero in contempt of court for violating the February 2020 consent judgment.

As noted above, an appellate court conducts a *de novo* review of the trial court's decision to grant an exception of no cause of action. *See Waiters,* 2019-1048, p. 8, 299 So.3d at 735.

With regard to sanctions, the trial court has a "great deal of discretion in sanction matters" and thus appellate courts apply an abuse of discretion standard regarding the sanctions imposed under La. C.C.P. art. 863. *See Banks v. Progressive Paloverde Ins.* Co., 2022-0151, pp. 5-6 (La. App. 4 Cir. 9/30/22), 350 So.3d 952, 956-57 (citing *Elysian, Inc..,* 2020-0674, p. 17, 325 So.3d at 1087); *see also Lejeune v. Fontenot*, 2024-316 (La. App. 3 Cir. 3/19/25), 408 So.3d 519, 523 ("In an appeal of an award of sanctions pursuant to La. [C.C.P.] art. 863, we review the factual findings of the trial court for manifest error, and the award of sanctions under the abuse of discretion standard").

La. C.C.P. art. 863 provides, in relevant part:

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
>
> (3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

. . .

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

"[La. C.C.P. art. 863] is penal in nature and should be strictly construed." *Banks*, 2022-0151, p. 7, 350 So.3d at 957 (quoting *Voitier v. Guidry*, 2014-276, p. 14 (La. App. 5 Cir. 12/16/14), 166 So.3d 262, 271). "A court should not award sanctions merely because 'a particular argument or ground for relief is subsequently found to be unjustified.'" *Id*. (quoting *Fairchild v. Fairchild*, 580 So.2d 513, 517 (La. App. 4th Cir. 1991)). "Rather, 'the trial court should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was submitted.'" *Id*., 2022-0151, p. 7 (La. App. 4 Cir. 9/30/22), 350 So.3d at 958 (quoting *Landry v. Landry*, 2021-0337, p. 6 (La. App. 1 Cir. 10/8/21), 331 So.3d 351, 356).

We find that the trial court correctly granted the exception of no cause of action and denied Lonero's request for La. C.C.P. art. 863 sanctions.

In Lonero's request for sanctions, she alleged that Blackstock's motion for attorney's fees was for the purpose of harassment and to increase the costs of litigation. However, Lonero failed to allege any facts supporting her claim that Blackstock's motion was filed for improper purpose. As stated above, mere conclusions "unsupported by facts does not set forth a cause of action." *McClain v. City of New Orleans*, 2013-1291, p. 5 (La. App. 4 Cir. 3/5/14), 137 So.3d 671, 675–76 (citing *Ramey v. DeCaire,* 2003-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118); *see also Bibbins v. City of New Orleans,* 2002-1510, p. 5 (La. App. 4 Cir.

5/21/03), 848 So.2d 686, 691 ("it is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions"). Further, as discussed herein, Louisiana law allows for the award of attorney's fees for a violation of a court order as alleged in Blackstock's motion. As such, Lonero failed to state a claim for sanctions under the law and the trial court correctly granted the exception of no cause of action as to Lonero's requests for sanctions.

Moreover, while Blackstock sought attorney's fees under La. R.S. 9:346, and the trial court ultimately awarded fees under La. RS. 13:4611; the failure to prevail on a particular ground does not trigger an award of sanctions. *Banks*, 2022-0151, p. 7, 350 So.3d at 957. Also, as noted above, La. R.S 9:346(C)(1) permits an assessment of attorney's fees due to the failure "to allow child custody, visitation, or time rights" pursuant to a court order. Blackstock's motion alleged he was entitled fees and costs in accordance with La. R.S. 9:346 based on the August 4, 2023 judgment finding Lonero in contempt of court for violating the February 2020 consent judgment; moving the minor child to St. Tammany Parish; and denying Blackstock his custodial rights. We find it reasonable for Blackstock to believe he may be entitled to attorney's fees under that statute. Moreover, Blackstock was granted fees and costs for Lonero's violation of the consent judgment and thus his requests for attorney's fees and costs had merit. As such, the trial court did not abuse its discretion in declining to sanction Blackstock under La. C.C.P. art. 863 for filing his motion for attorney's fees.

**Blackstock's Motion for Attorney's Fees and Costs**

Lastly, Lonero contends the trial court erred in granting Blackstock's motion for attorney's fees and costs and abused its discretion in awarding $50,000 in fees and court costs associated with the rule for contempt.

"A trial court's award of attorney fees is reviewed using an abuse of discretion standard." *Greenblatt v. Sewerage & Water Bd. of New Orleans*, 2019-0694, pp. 12-13, (La. App. 4 Cir. 12/20/19), 287 So.3d 763, 771-72 (citing *Covington v. McNeese State Univ.*, 2012-2182, p. 6 (La. 5/7/13), 118 So.3d 343, 348). Also, a trial court is afforded great discretion in awarding costs, and such an award is generally only disturbed upon a showing that the court abused its discretion. *Barre-Williams v. Ware*, 2020-0665, p. 3 (La. App. 4 Cir. 4/28/21), 365 So.3d 760, 768 (citing *Vela v. Plaquemines Parish Government,* 2000-2221 to 2000-2224, p. 29 (La. App. 4 Cir. 3/13/02), 811 So.2d 1263, 1282). In applying the abuse of discretion standard, "the role of the reviewing court is not to determine what it considers to be an appropriate award, but rather it is to review the exercise of discretion by the trier of fact." *Ware*, 2020-0665, pp. 3-4, 365 So.3d at 768 (quoting *Covington*, 2012- 2182, p. 11, 118 So.3d at 351).

As noted above, the trial court awarded attorney's fees and costs under La. R.S. 13:4611, which addresses "[p]unishment for contempt of court" and provides in pertinent part:

> Except as provided by law:
>
> (1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
>
> . . .

(d)(i) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.

. . .

(g) The court may award attorney fees to the prevailing party in a contempt of court proceeding provided for in this Section.

The Louisiana Supreme Court stated that under La. R.S. 13:4611(1)(g), a trial court can award attorney's fees to the "party who successfully prosecutes a motion for contempt." *Luv N' Care, Ltd. v. Jackel Int'l Ltd.*, 2019-0749, p. 10 (La. 1/29/20), 347 So.3d 572, 578; *see also Fairbanks v. Beninate,* 2020-206, p. 25 (La. App. 5 Cir. 12/23/20), 308 So.3d 1222, 1239. A "trial court's award of attorney's fees pursuant to La. R.S. 13:4611(1)(g) is reviewed for an abuse of discretion." *Ramelli Janitorial Serv., Inc. v. IV Waste, L.L.C.*, 2023-0128, p. 14 (La. App. 4 Cir. 12/8/23), 381 So.3d 757, 766–67, *writ denied*, 2024-00037 (La. 2/27/24), 379 So.3d 1268 (citing *Camalo v. Estrada,* 2017-1184, p. 3 (La. App. 3 Cir. 9/26/18), 257 So.3d 202, 205).

At the hearing, Blackstock identified and produced documentation regarding billing and hourly rates.[12] The hourly rates from Lowe, Stein, Hoffman, Allweiss and Hauver ranged from $275 to $325 an hour; the hourly rates from Lowe and Stein, LLC ranged from $295 to $350 an hour. The documents also categorized the attorney's fees as those incurred stemming from the contempt motion and the rule to modify custody, recusals and related sanctions, etc. The fees originating from the contempt/custody issue were highlighted and amounted to $56,602.50.

---

[12] Blackstock submitted a summary of the fees incurred; a redacted and unredacted copy of the attorney's fees billed by Lowe, Stein, Hoffman, Allweiss and Hauver (dated September 17, 2021 – December 28, 2022); a redacted and unredacted copy of attorney's fees billed by Lowe and Stein, LLC (dated January 5, 2023 - March 22, 2024). The unredacted bills were filed under seal for the trial court to review *in camera*. *See* n. 5

Blackstock testified at the hearing that this was a conservative estimate and that it would be "at least another $10,000 in direct attorney's fees related to this specific contempt motion." He stated that he took out private loans to pay his attorney's fees. Blackstock also estimated that his payments related to the litigation exceeded $200,000. He stated that in addition to the attorney's fees, he also incurred court costs in connection with the rule for contempt.

Lonero contends that the fees and costs that Blackstock is attempting to recoup is related largely to the trial on the custody and other matters and not related to the actual contempt. She also contends that the amount awarded is excessive.

However, the record shows that Lonero's acts of contempt led to Blackstock's request for custody modification. In fact, Blackstock alleged in his original motion that Lonero's unilateral decisions regarding their minor child warranted a finding of contempt and a change in the custody of the minor child. Therefore, the custody trial and the contempt issue are linked. Moreover, the exhibits and the procedural history of the case as described by the trial court in its reasons on the motion for contempt and to modify custody, show that motions in limine, several exceptions, and four motions to recuse filed by Lonero as well as subsequent writ applications derived from the custody and contempt proceedings.[13] Thus, the fees stemming from these filings were incurred as a result of the contempt/custody modification motion.

---

[13] For example, an exception of vagueness, an exception of no cause of action, and an exception of *lis pendens* was filed in response to Blackstock's original motion.

Further, the record shows that the matter was highly contentious, involved numerous appearances by counsel, and took place over multiple days for over a year. Furthermore, the trial judge who awarded the attorney's fees is the same trial judge that presided over the entirety of the proceedings and thus had a detailed understanding of the history of the litigation, the events therein, and the time spent by the attorneys involved. *See Short v. Short*, 2024-0656, pp. 28, 30, --- So.3d ----, ----, 2025 WL 1910776 at *15, *16 (La. App. 1 Cir. 7/11/25) (while acknowledging an award of $77,347.70 in attorney fees, "a dollar-for-dollar reimbursement of all expenses she incurred," in connection with an ex-husband's contempt was high, the appellate court found it was "not so high" that to warrant a finding on an abuse of discretion considering the husband's pattern of behavior and the trial court's familiarity with the proceedings and the parties); *D'Amico v. Burnthorne*, 2023-80, p. 19 (La. App. 5 Cir. 12/6/23), 378 So.3d 174, 189 (finding the trial court did not abuse its discretion in awarding $45,000 in attorney's fees to the ex-wife "as the prevailing party in [a] contentious contempt proceeding" that was pending for several years). As such, we cannot say that the trial court abused its vast discretion in awarding Blackstock $50,000 for fees and costs related to rule for contempt and to modify custody.

**DECREE**

For the above stated reasons, the trial court judgment, dated October 4, 2024, which denied Lonero's exceptions of *res judicata* and no cause of action and request for sanctions; granted Blackstock's exception of no cause of action as to sanctions; and granted Blackstock's motion for attorney's fees and costs is affirmed.

**AFFIRMED**